John GRIFFIN, Omar Kayou, Frederick Chriscoe, Leroy Folkes, Ahmed Hassan, Tyrone Marshall, Pedro Cancel, Effrain Rodriguez, Otelio Serano, and Vince Warren, Plaintiffs,

·v.

Superintendent Harold J. SMITH, Deputy Superintendent C. James, and Commissioner Thomas A. Coughlin III, Defendants.

No. CIV–80–418C.

United States District Court, W. D. New York.

July 10, 1980.

John Griffin, Omar Kayou, Frederick Chriscoe, Leroy Folkes, Ahmed Hassan, Tyrone Marshall, Pedro Cancel, Effrain Rodriguez, Otelio Serano and Vince Warren, pro se.

CURTIN, Chief Judge.

Plaintiffs, all inmates at Attica Correctional Facility, have jointly submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and individual requests to proceed in forma pauperis. Plaintiffs also ask for permission to proceed as a class pursuant to Rule 23, Fed.R.Civ.P., on behalf of all prisoners confined in the West Gallery of the Special Housing Unit ("SHU").

The facts alleged by plaintiffs fall into two classes: specific actions taken against three of the named plaintiffs as individuals, and specific conditions of confinement which plaintiffs find deplorable. Each category of claims will be discussed separately.

■ Plaintiffs Griffin, Serano, and Kayou contend that on three separate dates, each was brought to the Special Housing Unit and forced to remain naked in filthy cold cells for several hours. Griffin and Serano charge that they were also severely beaten, and Griffin and Kayou claim they were also handcuffed in their cells. These allegations set forth tenable constitutional claims under 42 U.S.C. § 1983. *Wright v. McMann*, 460 F.2d 126, 129–30 (2d Cir. 1972); *Moss v. Ward*, 450 F.Supp. 591 (W.D. N.Y.1978). As such, Griffin, Serano, and Kayou are permitted to proceed in forma pauperis on these claims.

■ Plaintiffs' claims of unconstitutional conditions of confinement at SHU are of a different nature. Some of the allegations raise colorable civil rights issues; others do not. Although prisoners retain many constitutional safeguards, their rights are nonetheless subject to restrictions and limitations.

■ The Supreme Court has emphasized more than once that there must be a "'mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application.'" *Bell v. Wolfish,* 441 U.S. 520, 546, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979), *citing Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). "Maintaining institutional security and preserving internal order and discipline" are legitimate goals which justify restrictions on inmates' constitutional rights. *Bell v. Wolfish, supra,* at 546, 99 S.Ct. at 1778. To achieve such goals, prison administrators must be accorded broad leeway to implement and execute policies which they believe are necessary. Barring "substantial" evidence that prison officials have far overstepped their bounds, the courts must defer to their expertise and experience. *Id.,* at 547–48, 99 S.Ct. at 1878–79. *See also Sostre v. McGinnis,* 442 F.2d 178, 190–94 (2d Cir. 1971), *cert. denied,* 404 U.S. 1049, 92 S.Ct. 719, 30 L.Ed.2d 740 (1972). Finally, to the extent that the deprivations faced by the West Gallery inmates can be considered punishment, they would constitute eighth amendment violations only if the are "barbarous" or "shocking to the conscience." *Sostre v. McGinnis, supra,* at 191–92.

■ In light of these principles, it cannot be said that all of the conditions listed by plaintiffs, even if discomforting or undesirable, amount to deprivations of constitutional dimensions. There is no dispute that prison life is rigid and often harsh. However, a federal court is not the proper forum for challenging or changing every aspect of the harsh realities of confinement unless the conditions cannot be tolerated under the Constitution.

■ Some of plaintiffs' challenged prison conditions include the following:

1. Fungus-infested showers;
2. Lengthy delays in receiving requested law books;
3. One pair of socks, shorts, and T-shirt provided weekly;
4. No more than five personal books permitted during one's time at SHU;
5. A poorly stacked library and few, if any, non-English language books;
6. Proscription of radio earphones;
7. Prohibition of commissary purchases over $5;
8. Denial of tobacco purchases by the State "for the use of inmates in and out of the general population;"
9. Only one visit by the box counselor per week;
10. Only one early morning round by the box sergeants per day;
11. Correctional officers on the early morning shift often do not respond to inmate calls; and
12. Lack of access to the regular visiting rooms or to vending machines for use by their visitors.

I find that as uncomfortable or disagreeable as these claimed conditions may be to plaintiffs, they simply fail to describe deprivations of constitutional proportions.

■ On the other hand, plaintiffs also allege the following conditions which, if true, may constitute infringements of plaintiffs' civil rights under the criteria discussed above:

1. Excessive and unnecessary use of force by correctional officers;
2. Grossly inadequate provisions for exercise;
3. Denial of access to psychological and mental health care specialists;
4. Unsanitary food utensils, including cigarette burns and hair on food trays;
5. Portions of food smaller than those provided to inmates in the general population; and
6. Destruction and/or loss of mail sent to the Superintendent.

I find that these claims are not frivolous.

■ I now address plaintiff's request to proceed as a class pursuant to Rule 23, Fed.R.Civ.P. Class actions tend to be complex forms of litigation. Rule 23 recognizes the need of class litigants to pay particular

care and attention to the interests of the entire class, not just to those of the named plaintiffs. For these reasons, legal documents must be carefully prepared, and the interests of the entire class must be guarded vigorously.

■ Plaintiffs here are proceeding pro se. They have requested declaratory and injunctive relief to remedy their claims. If plaintiffs prevail on their non-frivolous claims, the relief provided may sufficiently nullify any need to go forward as a legal class. Moreover, plaintiffs have not demonstrated sufficiently that they will be able to represent all the class members fairly and adequately as required by Rule 23.

For these reasons, plaintiffs' request for class certification is denied at this time. Nothing in this order, however, precludes certification of a class at a later time if deemed necessary. Rule 23(c)(1), Fed.R. Civ.P.

■ Similarly, I find that no purpose will be served by allowing more than one plaintiff, much less ten, to pursue legal action on the non-frivolous conditions of confinement claims. At this point in the litigation, there is every reason to believe that one plaintiff can move forward adequately on the jointly alleged claims. This conclusion, of course, does not preclude the other named inmates from working on the lawsuit with the remaining plaintiff as fully as possible to achieve their common goals.

It is, therefore, ordered that the claims alleged by plaintiffs Chriscoe, Folkes, Hassan, Marshall, Cancel, Rodriguez, and Warren be dismissed. If any of these plaintiffs wishes to submit a civil rights complaint alleging actions directed against him individually, the necessary forms will be provided by the court upon request.

The joint conditions of confinement claims asserted by plaintiff Serano are dismissed. Serano may proceed individually on his civil rights claim of abusive confinement at SHU.

The joint conditions of confinement claims asserted by plaintiff Kayou are dismissed. Kayou may proceed individually on his civil rights claim of abusive confinement at SHU.

Plaintiff Griffin may proceed on his individual claim of abusive confinement at SHU as well as on the more general conditions of confinement claims which have been held to be non-frivolous. Though unsuccessful thus far, the court will continue its efforts to secure counsel for plaintiff Griffin's case.

The claims alleged by plaintiffs Griffin, Serano, and Kayou will be severed pursuant to Rule 42(b), Fed.R.Civ.P., so that each plaintiff permitted to proceed by this order must do so individually.

The Clerk is directed to file the papers without payment of fees and to cause the United States Marshal to serve copies of the summons and complaint upon the named defendants. The United States Marshal is directed to serve the papers without cost to the plaintiffs.

The Clerk is further directed to open new and separate files for plaintiffs Serano and Kayou, respectively, and to file copies of the complaint in this case in each of the files. Finally, the Clerk is directed to notify plaintiffs and defendants of the correct names and corresponding civil docket numbers of the three cases which have been filed pursuant to this order.

So ordered.