**David Daniel STACEY, Plaintiff,**

v.

**J. Paul FORD, et al., Defendants.**

**Civ. A. No. C82–176A.**

United States District Court, N.D. Georgia, Atlanta Division.

May 19, 1982.

David Daniel Stacey, pro se.

Daryl A. Robinson, Atlanta, Ga., for defendants.

## ORDER

FORRESTER, District Judge.

David Daniel Stacey, a state prisoner currently incarcerated at Alto Industrial Correctional Institution, has filed *in forma pauperis* this civil rights complaint pursuant to 42 U.S.C. § 1983. He alleges that when he was recaptured after an escape from the Metropolitan Correctional Institution in Atlanta, Georgia, defendant Coleman abused him by grabbing his genitals, that defendant Ford was present at the time and that later, at the institution, Ford threatened and cursed him. Defendant Ford has filed a motion to dismiss for failure to state a claim or, alternatively, for summary judgment with a supporting affidavit.

■ The question of whether allegations of verbal abuse and threats by a prison official to a prisoner are cognizable under § 1983 is apparently one of first impression in this circuit. Courts in other circuits have held that such allegations are insufficient grounds for relief under § 1983. *Collins v. Cundy,* 603 F.2d 825 (10th Cir.1979); *Cf. Ellingburg v. Lucas,* 518 F.2d 1196 (8th Cir.1975) (plaintiff could not state a cause of action under § 1983 on allegations that a

prison employee defamed his reputation by calling him an obscene name); *Freeman v. Trudell,* 497 F.Supp. 481, 482 (E.D.Mich. 1980); *Boston v. Stanton,* 450 F.Supp. 1049, 1055–56 (W.D.Mo.1978). This court agrees. Accordingly, plaintiff's complaint is DISMISSED to the extent that it alleges that defendant Ford threatened and cursed him.

■ Defendant Ford also contends that plaintiff's claim that he was physically abused while being searched after his arrest should be dismissed for failure to state a claim. It is clear that an allegation that a prisoner was struck or beaten by a law enforcement officer without cause states a cause of action under § 1983. *Bruce v. Wade,* 537 F.2d 850 (5th Cir.1976). It cannot be said that plaintiff can prove no set of facts which would entitle him to relief, *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), and therefore defendant's motion to dismiss as to this claim is DENIED.

■ Alternatively, defendant Ford contends that summary judgment should be granted as to him on plaintiff's claim of physical abuse. In accordance with the holding of *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), in considering the motion for summary judgment on this claim plaintiff's verified complaint will not be held to the stringent standards of formal pleadings prepared by an attorney under Fed.R.Civ.P. 56(c) and Local Court Rule 91.72.

■ It is clear that defendant Ford cannot be held liable for any alleged physical abuse solely on the basis of a *respondeat superior* theory, since this has been rejected as a theory of recovery under § 1983. *Baskin v. Parker,* 602 F.2d 1205 (5th Cir.1979). However, in his verified complaint plaintiff alleges that defendant Ford was present at the time of the alleged incident. In his affidavit in support of his motion defendant Ford states that he was not present. Therefore, a genuine issue of material fact remains regarding defendant Ford's personal involvement, *see Wanger v. Bonner,* 621 F.2d 675 (5th Cir.1980), in the alleged inci-

dents resulting in a deprivation of plaintiff's constitutional rights. Defendant Ford's motion for summary judgment is DENIED, and this claim shall continue as any other civil action.

In sum, defendant's motion to dismiss as to plaintiff's claim of verbal abuse and threats is GRANTED, defendant's motion to dismiss as to plaintiff's claim of physical abuse is DENIED, and defendant's motion for summary judgment as to plaintiff's claim of physical abuse is DENIED.

IT IS SO ORDERED this 17th day of May, 1982.