**Albert CITRO, Plaintiff,**

v.

**Correction Officer ZEEK, Defendant.**

**No. CIV–82–588T.**

United States District Court,
W. D. New York.

Aug. 13, 1982.

Albert Citro (pro se).

Atty. General's Office, Rochester, N. Y., for defendant.

MEMORANDUM DECISION and ORDER

TELESCA, District Judge.

The plaintiff has submitted to this Court a complaint along with an affidavit of poverty and seeks permission to proceed as a poor person pursuant to 28 U.S.C. § 1915. Plaintiff's affidavit in support of his request to proceed *in forma pauperis* satisfies the requirements of 28 U.S.C. § 1915(a), and he is therefore granted permission to proceed as a poor person. Plaintiff's complaint is, however, frivolous and without merit and is ordered dismissed. *See Redford v. Smith,* 543 F.2d 726, 728 (10th Cir. 1976); *Oughton v. U. S.,* 310 F.2d 803, 804 (10th Cir. 1962), *cert. denied* 373 U.S. 937, 83 S.Ct. 1542, 10 L.Ed.2d 693 (1963).

Plaintiff is presently incarcerated in the Attica Correctional Facility. His complaint arises from the alleged refusal of the defendant, Correction Officer Zeek, *to provide him with additional rolls of toilet paper upon his request.*

Even during my short tenure as a federal judge (since May 3, 1982), I have become very cognizant of the large number of suits instituted by prisoners pursuant to § 1983. Indeed, they comprise approximately 20%–25% of my entire caseload. The problem stems not from the raw number of these cases, but rather from the high percentage that are frivolous. As this Court has noted before, it is abundantly clear that in order for a federal court to entertain a complaint founded on § 1983, it *must* allege a constitutional violation. *Duchesne v. Sugarman,* 566 F.2d 817 (2nd Cir. 1977); *Johnson v. Glick,* 481 F.2d 1028 (2nd Cir. 1973), *cert. denied* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973); *Sostre v. McGinnis,* 442 F.2d 178 (2nd Cir. 1971), *cert. denied* 404 U.S. 1049, 92 S.Ct. 719, 30 L.Ed.2d 740 (1972). As District Judge Rosenberg has so succinctly stated:

The United States Constitution and federal laws are definitely concerned with the welfare of incarcerated people, as they are with unincarcerated people. However, to classify *everything* as being constitutionally protected is factually and legally erroneous. The Constitutional and civil rights laws are not a catch-all, but on the contrary can be only in federal court if a matter raises substantial federal questions.

*Tunnell v. Robinson*, 486 F.Supp. 1265 (W.D.Pa.1980) (emphasis added).

Assuming the truth of all of plaintiff's allegations, the plaintiff has still failed to show a constitutional deprivation which would entitle him to bring his claim under § 1983. "The fact that a tort may have been committed by a State officer does not automatically confer a federal right of action". *Pollard v. Baskerville*, 481 F.Supp. 1157, 1160 (E.D.Va.1980) (citations omitted). Thus, it has been held that verbal abuse and harassment are insufficient grounds for relief under § 1983, *Ellingburg v. Lucas*, 518 F.2d 1196 (8th Cir. 1975), and that a prison's visitation policy, the conditions of the dining hall and the prison's financial rules are not proper subjects for a federal district court to examine, *Tunnell v. Robinson*, 486 F.Supp. 1265 (W.D.Pa.1980). By this decision, we now add to this category that the failure to provide a prisoner with an adequate supply of toilet paper does not create a violation of constitutional magnitude.

As Chief Judge Curtin of this District has noted:

It cannot be said that all of the conditions listed by plaintiffs, even if discomforting or undesirable, amount to deprivations of constitutional dimensions. There is no dispute that prison life is rigid and often harsh. However, a federal court is not the proper forum for challenging or changing every aspect of the harsh realities of confinement unless the conditions cannot be tolerated under the Constitution.

*Griffin v. Smith*, 493 F.Supp. 129 (W.D.N.Y. 1980). Plaintiff's complaint in this case falls squarely in the category of frivolous claims and is ordered dismissed.

SO ORDERED.