**Jimmie NELSON, Plaintiff,**

v.

**A. HERDZIK, Defendant.**

**No. CIV–83–84T.**

United States District Court,
W.D. New York.

Feb. 9, 1983.

Jimmie Nelson, pro se.

## DECISION and ORDER

TELESCA, District Judge.

The plaintiff has submitted to the Court a complaint along with an affidavit of poverty and seeks permission to proceed as a poor person pursuant to 28 U.S.C. § 1915. Plaintiff's affidavit in support of his request to proceed *in forma pauperis* satisfies the requirements of 28 U.S.C. § 1915(a), and he is therefore granted permission to proceed as a poor person. Plaintiff's complaint is, however, frivolous and without merit and is ordered dismissed. *See Redford v. Smith,* 543 F.2d 726, 728 (10th Cir. 1976).

Plaintiff is currently incarcerated in the Attica Correctional Facility and has filed this lawsuit under 42 U.S.C. § 1983. The complaint alleges that the defendant "intentionally and maliciously denied plaintiff his civil and constitutional rights by refusing plaintiff an hour exercise, and continuing to do so at will." Plaintiff also complains that defendant threatened plaintiff with a knife and said that "he [defendant] would kill me if I made trouble for him."

A § 1983 complaint must allege a deprivation of a right or immunity protect-

ed by the federal Constitution. *Duchesne v. Sugarman,* 566 F.2d 817 (2nd Cir.1977); *Citro v. Zeek,* 544 F.Supp. 829 (W.D.N.Y. 1982). "[I]t is only when the deprivations of prison confinement impose conditions of such onerous burdens as to be of constitutional dimensions that courts may intervene in prison management." *Breeden v. Jackson,* 457 F.2d 578 (4th Cir.1972).

While the lack of an opportunity to exercise for long periods of time has been held to constitute cruel and unusual punishment, plaintiff's singular allegation that he was denied one hour's exercise does not amount to a constitutional violation. *Hundley v. Sielaff,* 407 F.Supp. 543, 546 (N.D.Ill.1975).

Plaintiff's allegation that defendant Herdzik threatened him with a knife must also be dismissed. Even assuming that the actions of Correction Officer Herdzik constituted an assault, it does not amount to a constitutional violation. "[A] simple assault which does not result in physical touching and which produces no physical injury is not actionable under § 1983." Furthermore, "[t]he use of words, however violent cannot constitute an assault actionable under § 1983." *Coyle v. Hughs,* 436 F.Supp. 591, 593 (W.D.Okla.1977); *See also Johnson v. Glick,* 481 F.2d 1028 (2nd Cir.1973).

Accordingly, the complaint is dismissed and the plaintiff is not permitted to proceed further.

Permission to appeal *in forma pauperis* is also denied with the qualification that the plaintiff may file a notice of appeal with the Clerk of the United States District Court, United States Courthouse, Rochester, New York 14614, without the payment of filing fees. Notice of appeal must be filed within thirty (30) days of the date of the judgment.

Further requests for permission to appeal *in forma pauperis* should be directed, on motion, to the United States Court of Appeals for the Second Circuit, Foley Square, New York, New York 10007, in accordance with the requirements of Rule 24(a) of the Federal Rules of Appellate Procedure.

SO ORDERED.