Curtis TIGNER, Plaintiff,

v.

STATE OF NEW YORK, COMMISSIONER OF DEPARTMENT OF CORRECTIONS, Harold J. Smith, Livingston County Sheriff Department, Douglas J. Welch, Defendants.

No. CIV–82–711T.

United States District Court, W.D. New York.

Feb. 9, 1983.

---

**26**

Curtis Tigner, pro se.

David Rothenberg, Rochester, N.Y., for plaintiff.

Carlos Rodriguez, Asst. Atty. Gen. of N.Y., Nixon, Hargrave, Devans & Doyle, Rochester, N.Y. (Edward J. Burns, Rochester, N.Y., of Counsel), for defendants.

## DECISION and ORDER

TELESCA, District Judge.

Plaintiff has filed this suit pursuant to Title 42 U.S.C.A. § 1983 claiming to have been deprived of his property, namely a Five Thousand Dollar, ($5,000.00) U.S. Treasury note, without due process of law or compensation. He drafted and filed his complaint *pro se* and this action was commenced on August 17, 1982.* Defendants moved to dismiss the plaintiff's complaint on the grounds that his claims are time-barred and further that it fails to state a valid claim. Plaintiff has cross-moved for partial summary judgment claiming that there is no genuine issue of material fact with respect to his claim.

Plaintiff is incarcerated in the Attica Correctional Facility, Attica, New York, (Attica) pursuant to a judgment of conviction in 1973. In March of 1976, plaintiff was transported from Attica to the Livingston County Jail for a court hearing. He was held there until June of 1976 after which he was transported back to Attica. Prior thereto and in June of 1974, plaintiff purchased United States Treasury notes

with a face value of Five Thousand Dollars, ($5,000.00) through the Security Trust Company of Rochester, New York. In July of 1974 Security Trust sent the notes to the defendant, Harold J. Smith, Superintendent of Attica, who retained custody of plaintiff's notes on his behalf. When plaintiff was transferred from Attica to Livingston County for purposes of a hearing in March of 1976, his personal property was sent along with him by the Attica prison officials. There is no question that when his property was inventoried at Attica in February of 1976, before the transfer, the notes were among his personal property. In fact, plaintiff personally saw his treasury notes and further, the jail officials (Livingston County) indicated to the plaintiff that they had cut a coupon from his notes and deposited it in his savings account.

Plaintiff remained at the Jail until late May of 1976 when he was returned to Attica. Although his personal property was returned to Attica by the jail officials in Livingston County, he was advised on June 8, 1976 that his bonds were not returned. Plaintiff brings this action claiming that he was deprived of due process when his treasury notes were taken from him by the defendants, under color of law. Additionally, he claims that he has been subjected to cruel and unusual punishment, suffering emotional and mental distress.

Plaintiff made a number of attempts since 1976 to obtain the return of his treasury notes. On August 11, 1977 he commenced a *pro se* Article 78 proceeding against defendants Smith and Welch and the Livingston County Sheriff's Department, compelling them to return his treasury notes. A hearing was held in November of 1977 and Judge John S. Conable, Acting Supreme Court Justice of Wyoming County, held that "this Court would find that Mr. Tigner is the owner of the note. It would further find that the note was either lost or stolen about May 21, 1975. Since the note is not in the possession of

* This Court appointed attorney David Rothenberg on December 14, 1982 to appear and assist the plaintiff.

either of the respondents or their agents, the Court has no power to order either official to perform the act of turning the note over to Mr. Tigner".

In May of 1978, plaintiff sued the State of New York and the County of Livingston in the New York Court of Claims. That case is still pending.

The instant action was filed *pro se* in this Court on August 17, 1982.

The defendant, Livingston County Sheriff Department moved to dismiss the complaint relying heavily on the argument that the claim is time barred and further, that this Court lacks jurisdiction and that the plaintiff has failed to state a claim upon which relief could be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

In determining whether the plaintiff has stated a claim under § 1983, it is necessary to inquire whether two essential elements are present: (1) whether the conduct complained of was committed by a person acting under color of State Law; and (2) whether this conduct deprived a person of rights, privileges or immunities secured by the Constitution or the laws of the United States. *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981).

Plaintiff has unquestionably been deprived of "property", (the notes), within the meaning of the Fourteenth Amendment. Further, this deprivation occurred "under color of" State Law. An action by a wrongdoer clothed with the authority of State Law is an action "under color of" State Law. *Screws v. United States,* 325 U.S. 91, 99, 109–111, 65 S.Ct. 1031, 1034, 1039–1040, 89 L.Ed. 1495 (1945); *United States v. Classic,* 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941). While it has not been determined who "wrongdoer" is in this case, it is clear that responsibility lies with one or more of the defendants since they had exclusive custody and control of the notes.

Although the plaintiff has clearly been deprived of "property" under the color of State Law, there is no contention that the State of New York has not provided him with "the means by which he can receive redress for that deprivation". *Parratt v. Taylor, supra,* 451 U.S. at 543, 101 S.Ct. at 1917. Here, the Court of Claims Act provides a remedy which can fully compensate the plaintiff for the loss of his property and that is sufficient to satisfy the requirements of due process.

There is no need to pass on the questions raised concerning the statute of limitations defense, or the failure to exhaust administrative remedies, etc. The plaintiff's recourse in this case is in the New York State Court of Claims where he now has an action pending for the relief sought in this complaint. Accordingly, the complaint is dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

ALL OF THE ABOVE IS SO ORDERED.