Jacob A. HIKEL, Plaintiff,

v.

C.O. KING, C.O. J. Francis, C.O. Russell, and Sgt. Ford, Defendants.

No. 84 CV 1788.

United States District Court, E.D. New York.

Feb. 13, 1987.

Mitchell Gittin, Brentwood, N.Y., for plaintiff.

Robert Abrams, Atty. Gen., State of N.Y., Mineola, N.Y. by Robert K. Drinan, Asst. Atty. Gen., for defendants.

## MEMORANDUM AND ORDER

PLATT, District Judge.

This decision is issued in conjunction with the decision of the Court dated February 13, 1987.

Plaintiff, a State prisoner, brought this action pursuant to 42 U.S.C. § 1983 against the defendant corrections officers, alleging physical assault, verbal harassment, deprivation of personal property, and denial of medical care. The defendants moved pursuant to Fed.R.Civ.P. 12(c) for judgment on the pleadings with respect to plaintiff's claims of verbal harassment and deprivation of property, moved pursuant to Fed.R. Civ.P. 56 for summary judgment on the physical assault and medical care claims and moved for dismissal of all claims as barred by the Eleventh Amendment. In connection with defendants' motions, United States Magistrate David Jordan submitted a Report and Recommendation dated November 20, 1985, to then United States District Judge Altimari. The case was subsequently reassigned to this Court.

Briefly stated, the facts alleged are as follows. At some point, plaintiff had been the victim of a shooting. Examinations Before Trial of Jacob Hikel, Jan. 4, 1985 ("Hikel EBT") at 9–10. On the morning of April 5, 1984, plaintiff was taken from Long Island Correctional Facility to a New York State court to testify as a prosecution witness in the criminal trial of the alleged gunman. *Id.* at 10. Plaintiff took with him two pieces of paper. One was a document from plaintiff's own convicting court indicating his conviction and the sentence he was serving. *Id.* at 10–11. The other was a summary, written by plaintiff, of the testimony he planned to give at the criminal trial, which he intended to show the prosecutor. *Id.* at 11. That evening, when plaintiff returned to the correctional facility, he was searched. One of the defend-

ants took from plaintiff and destroyed three photographs of plaintiff's girlfriend and the two papers plaintiff had taken to court. Then the defendants threatened plaintiff, shoved him against a wall, and repeatedly punched him without provocation.

Magistrate Jordan recommended that defendants' Rule 12(c) motion be granted with respect to plaintiff's claim of verbal harassment as a *de minimus* violation. *See Johnson v. Glick,* 481 F.2d 1028, 1033 (2d Cir.), *cert. denied,* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973). The Magistrate concluded, however, that defendants' Rule 12(c) motion addressed to plaintiff's claim for destruction of personal property should be granted in part and denied in part. The Magistrate reasoned that the claim was based on two kinds of property: personal property consisting of the photographs, and documents that the Magistrate characterized as "legal papers." Accordingly, the Magistrate recommended that the motion be granted with respect to any claim based on the photographs, as a *de minimus* violation, but denied with respect to the destruction of the documents, as a violation of plaintiff's substantive right of access to the courts.

Magistrate Jordan also recommended that defendants' Rule 56 motion be granted unless plaintiff submitted objections that included allegations sufficient to raise material issues of fact with respect to the claims for physical assault and denial of medical care. Finally, the Magistrate recommended that defendants' motion based on the Eleventh Amendment be denied.

On December 10, 1985, defendants submitted objections to the Magistrate's report, specifically addressing his conclusions with respect to plaintiff's claim based on destruction of the documents. On February 9, 1987, after a lengthy hiatus to enable plaintiff to obtain court-appointed counsel, plaintiff, by his newly obtained attorney, filed an objection addressing the Magistrate's recommendation concerning the claim of physical assault and defendants' arguments concerning the destruction of the documents. The objection included an affidavit by plaintiff alleging facts with respect to the physical assault claim.

By Memorandum and Order dated February 13, 1987, this Court concluded that plaintiff's affidavit filed with his objection was sufficient to raise material issues of fact with respect to the physical assault claim and accordingly denied defendants' motion for summary judgment on that ground. The opinion did not address the other parts of the motion. On February 24, 1987, defendants submitted a memorandum of law arguing that plaintiff's affidavit did not raise sufficient issues of fact to survive a Rule 56 motion and that the papers allegedly destroyed in this case were not "legal" papers.

A review of defendants' memorandum, however, does not convince the Court that its decision of February 13 was in error. The Court now addresses the remaining portion of the Rule 56 motion and the remaining motions.

 The Court adopts the recommendation of Magistrate Jordan with respect to plaintiff's claims for verbal harassment and destruction of plaintiff's photographs, and with respect to defendants' Eleventh Amendment motion. Since plaintiff's objection and affidavit fail to address the claim for denial of medical care, the Court adopts the Magistrate's recommendation with respect to that claim also.

The Court disagrees, however, with the Magistrate's recommendation concerning plaintiff's claim arising out of the destruction of the documents. Because the Court believed it necessary to look beyond the pleadings with respect to this claim, the Court notified the parties, by letter dated March 27, 1987, that it intended to convert defendants' Rule 12 motion into a Rule 56 motion and gave the parties three weeks to submit any additional, relevant material. Plaintiff's attorney submitted additional argument but no new evidentiary material; defendants submitted no additional material.

 Having recited the lengthy procedural history of this case, we now turn to the merits of the claim based on the de-

struction of plaintiff's documents. Unless part of a systematic practice, the intentional deprivation of personal property is not actionable under 42 U.S.C. § 1983 if the State provides a meaningful post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). The existence of an adequate State remedy negates any claim of deprivation of property without due process of law within the meaning of the Fourteenth Amendment. *Parratt v. Taylor*, 451 U.S. 527, 542, 101 S.Ct. 1908, 1916, 68 L.Ed.2d 420 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). A claim based on the destruction of legal material rather than mere personal property is not a due process claim at all. Rather, such a claim is based on the substantive right of access to the courts and so does not fall under the rule of *Hudson* and *Parratt*. *Morello v. James*, 810 F.2d 344, 348 (2d Cir.1987).

■ Whether an allegation of destruction of property asserts a violation of due process, and hence falls under the rule of *Hudson* and *Parratt*, or states a claim under the substantive right of access to the courts does not turn on a mere technical labeling of the destroyed property as "legal" but rather on whether the destruction of the material could have interfered with plaintiff's right of access. Put another way, whether property should be classified as "legal" depends on whether it could have advanced plaintiff's access to the courts.

■ A prisoner's right of access to the courts includes the right to seek appellate review and collateral attack of his criminal conviction, *Bounds v. Smith*, 430 U.S. 817, 822, 97 S.Ct. 1491, 1495, 52 L.Ed.2d 72 (1977), the right to challenge the conditions of confinement through civil rights actions, *Sostre v. McGinnis*, 442 F.2d 178 (2d Cir. 1971) (*en banc*), *cert. denied*, 405 U.S. 978, 92 S.Ct. 1190, 31 L.Ed.2d 254 (1972), and even the right to bring an ordinary civil case, *see Hawthorne v. Wells*, 761 F.2d 1514 (11th Cir.1985).

■ In the present case, plaintiff has failed to show how the destruction of the documents could have impeded any suit that he had or could have brought. It appears that the documents allegedly destroyed related to plaintiff's testimony as the victim in the criminal case against another person. Any claim based on plaintiff's ability to testify in that case is negated by the fact that the documents were allegedly destroyed after plaintiff testified. Hikel EBT at 10–12.

Plaintiff argues that the question of whether defendants' conduct interfered with his right of access to the courts is a triable issue of fact. That interference is, however, what distinguishes a cognizable claim for the destruction of legal material from a noncognizable claim for destruction of personal property. To survive a motion to dismiss for failure to state a claim or for summary judgment, when the claim is for destruction of property, plaintiff must allege how defendant's conduct interfered with his right of access to the courts. *See, e.g., Morello v. James*, 810 F.2d 344, 345–46 (2d Cir.1987) (plaintiff alleged that destruction of his notes, research material, drafts and appellate briefs caused him irreparable harm in perfecting his appeal); *Washington v. James*, 782 F.2d 1134, 1139–40 (2d Cir.1986) (interference with correspondence between prisoner and his attorney).

Since plaintiff has failed to allege how the destruction of the documents deprived him of his right of access to the courts, the destruction of the documents merely provides the basis for a claim for deprivation of personal property without due process of law, which falls under the rule of *Hudson* and *Parratt*. The New York Court of Claims Act provides a State remedy whereby a plaintiff may seek compensation from the State for his destroyed property. *Tigner v. State of New York*, 559 F.Supp. 25, 27 (W.D.N.Y.1983), *aff'd*, 742 F.2d 1432 (2d Cir.1983) (mem.).

Accordingly, defendants' motion based on the Eleventh Amendment is denied. Defendants' other motions with respect to plaintiff's claims for verbal harassment, deprivation of property, and denial of medical care are granted and those claims are dismissed. As stated in the Court's order

of February 13, 1987, defendants' motion with respect to plaintiff's claim for physical assault is denied.

SO ORDERED.

### ON MOTION FOR SUMMARY JUDGMENT

Defendants have moved for summary judgment. This case clearly presents material issues of fact. Accordingly, defendants' motion must be and hereby is denied.

SO ORDERED.