**Robert GILSON, Plaintiff,**

v.

**Nancy COX, Defendant.**

**Civ. No. 87–CV–3884–DT.**

United States District Court,
E.D. Michigan, S.D.

May 2, 1989.

Robert Gilson, Ypsilanti, Mich., pro se.

Chester S. Sugierski, Jr., Lansing, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

JULIAN ABELE COOK, Jr., District Judge.

Plaintiff, Robert Gilson, a prisoner at the Huron Valley Mens Facility, brought the instant action pursuant to 42 U.S.C. § 1983. He contends that Nancy Cox, a female corrections officer at the Huron Valley Mens Facility, made various sexual advances toward him and physically abused him by grabbing his genitals and buttocks. In addition, Gilson claims that Cox cursed at him, verbally abused him, and failed to provide toilet paper upon request. Cox' motion for summary judgment is presently before this Court.

Rule 56(c) of the Federal Rules of Civil Procedure authorizes the entry of a summary judgment when the record establishes that "there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party need not "negate" the opponent's claim nor "produce evidence showing the absence of a genuine issue of material fact," but need only establish "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324–25, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). Once the movant has informed the district court of the basis for its motion, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Id.*, 106 S.Ct. at 2553.

In the case at bar, Gilson contends that the alleged verbal abuse by Cox is compensable under section 1983. However, it is well established that verbal harassment or abuse-standing alone-is not sufficient to state a constitutional deprivation under section 1983. *See Oltarzewski v. Ruggiero*, 830 F.2d 136 (9th Cir.1987); *Hikel v. King*, 659 F.Supp. 337 (E.D.N.Y. 1987); *Zeno v. Cropper*, 650 F.Supp. 138 (S.D.N.Y.1986); *Freeman v. Trudell*, 497 F.Supp. 481 (E.D.Mich.1980) (citations omitted). Therefore, Cox is entitled to a summary judgment on Gilson's section 1983 claim based on the alleged verbal harassment.

Gilson also maintains that Cox' failure to provide toilet paper upon request violates his rights under the Constitution and, therefore, constitutes a compensable injury under section 1983. As required by the holding of *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), this Court has liberally construed Gilson's Complaint to allege that Cox' failure to provide necessary articles of hygiene is violative of the Eighth Amendment's proscription against cruel and unusual punishment.

Assuming the truth of the Gilson's allegations, he has failed to show a constitutional deprivation that would entitle him to bring his claim under section 1983. In *Citro v. Zeek*, 544 F.Supp. 829, 830 (W.D.N.Y.1982), the court held "that the failure to provide a prisoner with an adequate supply of toilet paper does not create a violation of constitutional magnitude." As the *Citro* court aptly noted:

"The United States Constitution and federal laws are definitely concerned with welfare of incarcerated people, as they are with unincarcerated people. However, to classify *everything* as being constitutionally protected is factually and legally erroneous. The Constitutional and civil rights law are not a catch-all, but on the contrary can be only in federal court if a matter raises substantial federal questions."

*Id.* (quoting *Tunnell v. Robinson*, 486 F.Supp. 1265 (W.D.Pa.1980) (emphasis add-

ed)). Therefore, Cox is also entitled to the entry of a summary judgment on Gilson's Eighth Amendment claim.

Finally, Cox contends that she should be granted a summary judgment on Gilson's claim of physical abuse. In his verified complaint, Gilson alleges that Cox "reached for my groin area on several occasions." In addition, he maintains that she grabbed his buttocks while escorting him to the shower area. In her affidavit, Cox does not directly deny Gilson's allegation of physical abuse, but maintains "[t]hat the allegations made in this lawsuit are totally without merit." Cox Aff. at 1.

■ In *Khan v. Garanzini*, 411 F.2d 210, 212–13 (6th Cir.1969), the Sixth Circuit Court of Appeals determined that a plaintiff's verified complaint, which contradicts a defendant's affidavit, may be treated as an opposing affidavit for summary judgment purposes. While the Plaintiff in the case sub judice did not provide affidavits, depositions, answers to interrogatories, or admissions on file in response to the motion for summary judgment, the allegations in his verified complaint do controvert the Defendant's affidavit testimony.

However, in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (emphasis in original), the Supreme Court stated that "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." In order to determine whether a material fact is genuine, the Court must "unavoidably ask[ ] whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict." *Id.*, 106 S.Ct. at 2512.

■ In the case at bar, Gilson has presented a sufficiency of evidence upon which a reasonable jury could find by a preponderance of the evidence that he has a valid and compensable claim under section 1983. In *Stoneking v. Bradford Area School District*, 856 F.2d 594, 599 (3rd Cir.1988), the Court of Appeals for the Third Circuit determined that persons have a liberty interest, which is protected by the substantive component of the due process clause, in "personal bodily integrity." The *Stoneking* court concluded that this liberty interest in bodily integrity subsumes "the right to be free from sexual abuse." *Id.*[1]

Although it was not developed in *Stoneking,* this Court determines that consistent with the physical abuse cases which are grounded on substantive due process, a plaintiff must establish that the alleged infringement of his bodily integrity is " 'literally shocking to the conscience.' " *Garcia v. Miera*, 817 F.2d 650, 655 (10th Cir. 1987) (quoting *Hall v. Tawney*, 621 F.2d 607, 613 (4th Cir.1980)).

Progressing to the specific issues in this case, a reasonable jury could determine that Cox' alleged conduct was shocking to its conscience, thereby constituting a violation of Gilson's substantive due process rights. Therefore, because a genuine issue of material fact exists on this issues, Cox' motion for summary judgment as to Gilson's substantive due process claim must be denied. *See Stacey v. Ford*, 554 F.Supp. 8 (N.D.Ga.1982) (Defendant's summary judgment motion was rejected where Plaintiff-prisoner alleged that Defendant grabbed his genitals in violation of constitutional rights).

In summary, Cox' motion for summary judgment as to Gilson's claim of verbal abuse and cruel and unusual punishment is granted. However, Cox' motion for summary judgment as to Gilson's claim of

---

1. In *Stoneking,* a teacher, who was employed by the Defendant School District, allegedly "fondled and kissed [a student's] breasts, inserted his fingers into her vagina, exposed himself to her and forced her to handle his genitals, and occasionally compelled her to have oral sex with her." *Stoneking,* 856 F.2d at 599 n. 8. Clearly the alleged acts of the Defendant in the principal case are not as egregious as the conduct involved in *Stoneking*. However, the legal question presented does not focus on whether the Defendant's conduct is as heinous as the conduct involved in *Stoneking,* but rather focuses on whether Defendant's conduct shocks the conscience.

physical abuse in violation of substantive due process is denied.

IT IS SO ORDERED.