Bernard **BANKS**, et al., **Plaintiffs,**

v.

**LACKAWANNA COUNTY COMMISSIONERS, et al., Defendants.**

Civil No. 4:CV–95–1339.

United States District Court, M.D. Pennsylvania.

June 14, 1996.

Bernard Banks, et al., pro se.

John P. O'Boyle, Scranton, PA, for defendants.

## MEMORANDUM

McCLURE, District Judge.

### Background

The plaintiffs—Bernard Banks, Louis Bracy, and Jamal Morrison—filed this civil rights action under 42 U.S.C. § 1983 on August 14, 1995 when all of them were inmates at the Lackawanna County Prison (the "Prison"), Scranton, Pennsylvania. The court has jurisdiction over this suit under 28 U.S.C. §§ 1331 and 1343. The alleged events giving rise to this complaint occurred in June and July 1995. Each plaintiff litigates this suit *pro se* and, on August 25, 1995, was granted *in forma pauperis* status. At present Morrison is no longer a prisoner and resides in Scranton; Banks is confined at the United States Penitentiary in Lewisburg, Pennsylvania; and Bracy is incarcerated at the State Correctional Institution in Camp Hill, Pennsylvania.

The defendants, who answered the complaint months ago, are the Lackawanna County Commissioners—Ray Alberigi, John Senio, and Joseph Corcoran—and Prison correctional officer George McHale.[1] Declaratory, monetary, and injunctive relief are requested. (The injunctive relief claims will be dismissed as moot because the plaintiffs are out of the Prison. *Preiser v. Newkirk,* 422 U.S. 395, 401, 95 S.Ct. 2330, 2334, 45 L.Ed.2d 272 (1975); *Weaver v. Wilcox,* 650 F.2d 22, 26–27 (3d Cir.1981)). The plaintiffs allege that their rights under the United States Constitution and under state law were violated.

Today the court considers the motion filed by Banks for partial summary judgment on his substantive due process claim against defendant McHale, discussed below. (Morrison and Bracy did not sign this motion; thus, they are not movants. Fed.R.Civ.P. 11.) It is noted that although the record indicates

---

1. In the complaint and in other documents the plaintiffs spell defendant McHale's name "McCale." The Clerk of Court will be directed to amend the record to reflect the correct spelling of defendant McHale's name.

that the plaintiffs may have considered withdrawing this suit and may have informed Prison officials that they were willing to withdraw it, no document to that effect was filed by any plaintiff with this court. Therefore, they all remain plaintiffs.

Other than the instant motion for partial summary judgment, no dispositive motion has been filed. In the interest of efficient and timely resolution of all the issues in this suit, the court will set a deadline for filing any dispositive motions on the claims by plaintiffs Bracy and Morrison. If neither one of these two plaintiffs nor defendant McHale files such a motion within sixty (60) days from the date of this order, the matter may be set for pretrial conference and trial.

In a *verified* complaint the plaintiffs allege the following: In June and July 1995 Banks and Bracy were pretrial detainees, and Morrison was a convicted inmate. In June 1995, during a search by McHale of Bracy's and Morrison's cells, McHale

> took a walkie talkie and begin [sic] touching Bracy's private parts (penis), and continued to do this ... At the same shake down in June 1995 as above, defendant McCale begin [sic] feeling Morrison's behind ... On July 12, 1995, while getting ready for outside yard defendant McCale approached plaintiff Banks and grabbed his private parts (penis) and squeezed it, playing.

Record doc. 1, p. 2. Banks repeats his sexual assault claim in an affidavit, and also states that he felt "fear" and "anger" because of McHale's alleged act. Record doc. 18, Exhibit 1. In his answer McHale denies these allegations. Record doc. 14. A report dated August 22, 1995, signed by Warden Thomas P. Gilhooley and by William Thompson (whose position is unclear), of an internal investigation by the Prison in regard to these allegations was filed with the defendant's opposing brief. Statements by McHale are summarized in the report. For example, the report reads in part: "Essentially he [McHale] stated that the majority of the allegations

were false. He denies any such contact with Bracy." Record doc. 23, Exhibit A, unnumbered p. 2.[2]

### Discussion

■■■ The basic summary judgment principles are well-known. In *First Nat'l Bank of Pa. v. Lincoln Nat'l Life Ins. Co.,* 824 F.2d 277 (3d Cir.1987) the United States Court of Appeals for the Third Circuit summed them up as follows:

> A trial court may enter summary judgment only 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' Fed.R.Civ.P. 56(c). '[S]ummary judgment will not lie if ... the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, [248], 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).
>
> The burden to demonstrate the absence of material fact issues is initially on the moving party regardless of which party would have the burden of persuasion at trial. The moving party may meet its burden by showing that 'there is an absence of evidence to support the nonmoving party's case.' *Celotex Corp. v. Catrett,* 477 U.S. 317, [325], 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).

824 F.2d at 280. Importantly, "at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511. Thus, on a motion for summary judgment, it is improper to determine a credibility issue.

In opposition to the motion for partial summary judgment defendant McHale argues that he deserves entry of summary judgment instead of Banks. But McHale

---

**2.** Regarding the alleged unlawful acts of the Lackawanna County Commissioners, the plaintiffs allege that the Commissioners "are legally responsible for the prison [sic] overall operation and employees of the County." Record doc. 1, p. 2. Whether the Commissioners are proper defendants here is a question addressed below.

also states contradictorily that on the issue of whether sexual assault occurred, "there is a genuine issue as to the facts of these events." Record doc. 23, unnumbered p. 3. There is no substantive argument that the events did not rise to the level of a constitutional violation or that the alleged events, if true, do not violate state law. Instead, after failing to cite any caselaw except that concerning analysis of a motion for summary judgment, defendant McHale summarizes: "the Plaintiffs have not shown how their constitutional rights have been violated. They offer no evidence to support their claims for damages. The Plaintiffs have no legitimate issues or claims to advance." Id. at unnumbered p. 4.

On plaintiff Banks' sexual abuse charge, which is the only alleged violation under the court's review today, we reject, for the following reasons, defendant McHale's argument that Banks has no claim that may prove meritorious.

 A plaintiff, in order to state a viable § 1983 claim, must allege that the conduct complained of was committed by a person acting under color of state law and that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or by other laws of the United States. E.g., Cohen v. City of Philadelphia, 736 F.2d 81, 83 (3d Cir.), cert. denied, 469 U.S. 1019, 105 S.Ct. 434, 83 L.Ed.2d 360 (1984). Liability may not be imposed under § 1983 on the principle of respondeat superior. Capone, 868 F.2d at 106 (citing Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir.1976)). In other words a supervisory official may not be held liable for the unlawful act of a subordinate simply because of that supervisor's position of authority.

 As a pretrial detainee Banks' claim is properly construed as a purported violation of the right of due process under the Fourteenth Amendment to the United States Con-

stitution rather than as an alleged violation of the prohibition against cruel and unusual punishment found in the Eighth Amendment. See, e.g., Graham v. Connor, 490 U.S. 386, 395 n. 10, 109 S.Ct. 1865, 1871 n. 10, 104 L.Ed.2d 443 (1989); Bell v. Wolfish, 441 U.S. 520, 538–39, 99 S.Ct. 1861, 1873–74, 60 L.Ed.2d 447 (1979).[3] The Supreme Court in Bell addressed certain rights of pretrial detainees in prison. The Court generally stated that "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." Id. at 535, 99 S.Ct. at 1871. In a case challenging nonmedical conditions of confinement, the United States Court of Appeals for the Third Circuit concluded that "[p]retrial detainees, such as the appellants in this case, are entitled to at least as much protection as convicted prisoners, so the protections of the Eighth Amendment would seem to establish a floor of sorts." Kost v. Kozakiewicz, 1 F.3d 176, 188 (3d Cir.1993).[4] It appears that the appropriate standard for assessing allegedly unlawful conduct such as sexual touching of a pretrial detainee by a prison officer is whether there was " 'deliberate indifference' "—also known as " 'reckless indifference,' " " 'gross negligence,' " or " 'reckless disregard' "—to the detainee's right to be free from unwanted physical contact. Williams v. Borough of West Chester, Pa., 891 F.2d 458, 464 (3d Cir.1989) ("Custodial officials may be liable in damages for the suicide of a pretrial detainee if they acted with 'deliberate indifference' to the individual's psychological needs"). See Fagan v. City of Vineland, 22 F.3d 1296, 1306 (3d Cir.1994) (considering whether to apply the "shocks the conscience" or "reckless disregard/gross negligence inquiry" to police pursuit case; stating that "[i]t is significant that our cases applying the reckless disregard standard appear to be limited to cases where the victim was in custody").[5] Research has not uncov-

---

3. The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall ... deprive any person of life, liberty, or property without due process of law...."

4. Not properly before the Kost court was the question of "how much more protection unconvicted prisoners should receive." Id. at 188.

5. In Bell, which concerned all kinds of conditions of confinement of pretrial detainees, e.g., overcrowding and unlawful searches, the Court set forth the following test:

 [I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.' Con-

ered any alleged sexual abuse case that considered whether there was "deliberate indifference" to a pretrial detainee.

In *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 726 (3d Cir.1989), *cert. denied sub nom. Smith v. Stoneking*, 493 U.S. 1044, 110 S.Ct. 840, 107 L.Ed.2d 835 (1990), the United States Court of Appeals for the Third Circuit, in a case about substantial sexual abuse of a student by a teacher that was considered by the United States Supreme Court and then remanded, stated: "we reiterate the conclusion we reached in *Stoneking I* that the constitutional right Stoneking alleges, to freedom from invasion of her personal security through sexual abuse, was well-established at the time the assaults upon her occurred." The Third Circuit quoted *Ingraham v. Wright*, 430 U.S. 651, 673, 97 S.Ct. 1401, 1413, 51 L.Ed.2d 711 (1977) as holding that " '[a]mong the historic liberties ... protected [by the Due Process Clause] was a right to be free from ... unjustified intrusions on personal security.' " *Stoneking*, 882 F.2d at 726–27. Moreover, courts have specifically concluded that intentional sexual touching or other sexual contact with a convicted prisoner by a prison employee such as a correctional officer may violate the Constitution. *Hovater v. Robinson*, 1 F.3d 1063, 1068 (10th Cir.1993) (convicted prisoner); *Gilson v. Cox*, 711 F.Supp. 354, 355–56 (E.D.Mich.1989) (convicted prisoner; court denied summary judgment on claims that correctional officer had "grabb[ed] his [prisoner's] genitals and buttocks"); *Stacey v. Ford*, 554 F.Supp. 8, 9–10 (N.D.Ga.1982) (convicted prisoner; court denied summary judgment on claim that prison officer "abused [the prisoner] by grabbing his genitals").[6]

■ Applying the applicable law to the instant facts and emphasizing that a pretrial detainee generally is entitled to at least as much constitutional protection as a convicted prisoner, the court will deny the motion for partial summary judgment and will not award summary judgment *sua sponte* to defendant McHale because plaintiff Banks may be entitled to relief on his sexual abuse due process claim and because genuine issues of material fact exist.[7] A date for the trial of this substantive due process claim against defendant McHale will be set at the convenience of the court. The court has no opinion on whether Bracy's and Morrison's claims need to be tried.

■ Finally, it appears to the court that no cognizable claim is stated against the Lackawanna County Commissioners—the plaintiffs seek to hold them liable under a theory of *respondeat superior*. After giving

---

versely, if a restriction or condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees *qua* detainees.

441 U.S. at 539, 99 S.Ct. at 1874 (citation omitted). This standard of reasonable relationship to a proper governmental goal was applied by the United States District Court for the District of Maine in *Ellis v. Meade*, 887 F.Supp. 324 (D.Me. 1995), in deciding a claim of unlawful "spanking" of a pretrial detainee by a guard. This claim went to a non-jury trial. The court decided that the guard patted the prisoner on the buttocks in an effort to "calm[ ] a distraught prisoner" and that, under the *Bell* standard, due process was not violated. *Id.* at 329–30.

But, considering the above-quoted text from *Bell* and the nature of Banks' instant claim, the court will not use the *Bell* standard because in fact it is inapplicable. At issue is not a "condition or restriction of pretrial detention...." *Bell*, 441 U.S. at 539, 99 S.Ct. at 1874.

6. In a slightly different case, a district court judge, pursuant to a report and recommendation submitted by a magistrate judge after an evidentiary hearing, dismissed as meritless the claim that a correctional officer violated the Eighth Amendment by "deliver[ing] a backhand blow with a loosely balled fist" to the convicted prisoner's groin area. *Neal v. Miller*, 778 F.Supp. 378, 384 (W.D.Mich.1991). The evidentiary hearing was ordered after the parties' motions for summary judgment were denied. *Id.* at 379. The facts of this case are not as similar to the instant facts as the scenarios addressed in *Gilson* and *Stacey*.

7. A district court may grant summary judgment in favor of a non-movant where it believes that the movant has had adequate notice of the grounds for that judgment, and where there is clear support for such judgment. *See, e.g., Peiffer v. Lebanon School Dist.*, 673 F.Supp. 147, 152 (M.D.Pa.1987), *affirmed*, 848 F.2d 44 (3d Cir. 1988); 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 2720 at 29–35 (1983).

a plaintiff the opportunity to respond, a district court may dismiss *sua sponte* an allegation of unlawful conduct if it fails to state a claim upon which relief can be granted. *Oatess v. Sobolevitch,* 914 F.2d 428, 430 n. 5 (3d Cir.1990); *Roman v. Jeffes,* 904 F.2d 192, 196 (3d Cir.1990). *See* Fed.R.Civ.P. 12(b)(6). The court will grant the plaintiffs fifteen (15) days from the date of this Order in which to file a brief(s) with the court stating why they feel that dismissal of the allegations against the Commissioners would be inappropriate. If necessary, the Commissioners will be given an opportunity to respond to the plaintiffs' brief(s). If the plaintiffs fail to submit in timely fashion any brief, or if they submit objections that lack merit, the Commissioners will be dismissed from this suit.