850 F.2d 129
 Arthur FRAZIER, Plaintiff-Appellant,
v.
Thomas A. COUGHLIN, III, Commissioner, R.J. Brisach, Down
State Correction Facility, James D. Quist, and C.
Merrit, Corrections Officers of Ossining
Correction Facility,
Defendants-Appellees.
 No. 869, Docket 87-2020.
 United States Court of Appeals,
Second Circuit.
 Argued March 18, 1988.
Decided June 29, 1988.
 
 Iain A.W. Nasatir, New York City (Kaye, Scholer, Fierman, Hays & Handler, New York City of counsel), for plaintiff-appellant.
 Charles Fraser, New York City (Robert Abrams, Atty. Gen., of the State of N.Y., Lawrence S. Kahn, Deputy Sol. Gen., Arnold D. Fleischer, Asst. Atty. Gen., New York City, of counsel), for defendants-appellees.
 Before TIMBERS, PRATT and MINER, Circuit Judges.
 GEORGE C. PRATT, Circuit Judge:
 
 
 1
 Arthur Frazier's civil rights action under 42 U.S.C. Sec. 1983 against the state's Commissioner of Corrections and three correction officers was dismissed under Fed.R.Civ.P. 12(b)(6) for failure to state a claim. On a motion to dismiss under rule 12(b)(6), the factual allegations in the complaint must be accepted as true, and all reasonable inferences must be drawn in favor of the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). A pro se complaint such as Frazier's must be construed liberally and should not be dismissed unless it appears " 'beyond doubt that the plaintiff can prove no set of facts * * * which would entitle him to relief.' " Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957), quoted in Haines v. Kerner, 404 U.S. 519, 521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) (per curiam ).
 
 
 2
 Frazier alleges his constitutional rights were violated on three occasions. The first occurred on June 4, 1984, at Down State, when, according to Frazier, defendant correction officer Brisbach charged him with violating three prison regulations--107.11, prohibiting verbal abuse or harassment of prison employees; 110.31, requiring inmates who change their appearance (e.g.: by growing a beard or mustache) to pay for replacement I.D. cards; and 400.19, which is not further identified by plaintiff or plaintiff's counsel, and for which we can find no corresponding rule in the New York Code of Rules and Regulations. According to the complaint, Frazier was placed in restrictive confinement for five days before he received a hearing on these disciplinary charges; at the hearing, he was found not guilty.
 
 
 3
 The second alleged violation was on October 1, 1984, when Frazier was confined to his cell by defendant Quist, a correction officer at Ossining, for violating rule 113.11, which prohibits possession of an authorized item that has been altered so as to change its purpose, and rule 113.16, which prohibits possession of money, credit cards, checks, stamps in excess of $20, or unauthorized valuables.
 
 
 4
 The third alleged violation occurred on October 26, 1984, when defendant Merritt, also a correction officer at Ossining, filed a report charging Frazier with violating rule 113.12 by possessing a controlled substance. Frazier was found guilty of some or all of the October 1984 charges, and received punishment of 120 days restrictive confinement and loss of 45 days accumulated "good time".
 
 
 5
 The rules that Frazier was charged with violating were not filed with the secretary of state, as required by the New York State Constitution and New York Executive Law Sec. 102 (McKinney 1982 & Supp.1988), until April 24, 1985, six months after the last of the charges.
 
 
 6
 The district judge granted defendants' motion to dismiss Frazier's complaint in a one-page memorandum. In so doing, however, he discussed only one of the violations which Frazier had alleged, the one on October 26, involving only rule 113.12. In that regard, the district judge held:
 
 
 7
 While Rule 113.12 had not been filed with the Secretary of State, the New York Criminal Code criminalizes the use of marijuana. Therefore, it makes no difference that Rule 113.2 had not been filed: plaintiff was engaged in a criminal activity. Cf. Matter of Jones v. Smith, 64 N.Y.2d 1003, 489 N.Y.S.2d 50 [478 N.E.2d 191] (1985). Accordingly, plaintiff was not falsely imprisoned nor denied due process for, as he claims, punishment with regard to a non-existent law.
 
 
 8
 Frazier v. Coughlin, et al., No. 86-CV-0201 (S.D.N.Y. Oct. 15, 1986). While we have no quarrel with this legal principle as a basis for dismissing plaintiff's October 26th claim, the district judge apparently did not consider Frazier's claims based on the disciplinary charges brought against him on June 4, 1984, and on October 1, 1984, neither of which involved "criminal activity" such as possession of a controlled substance. As to those charges, therefore, if Frazier can prove that he lacked notice of the rules, he may have a valid claim for relief. See Wolff v. McDonnell, 418 U.S. 539, 563-64, 94 S.Ct. 2963, 2978, 41 L.Ed.2d 935 (1974); Robles v. Coughlin, 725 F.2d 12, 16 (2d Cir.1983).
 
 
 9
 Because the district judge failed to consider two of Frazier's claims, we reverse and remand. If on the remand there there is any question as to whether Frazier adequately alleged lack of actual notice of the prison regulations, the district judge should also consider allowing Frazier to amend or replead. "A pro se plaintiff who brings a civil rights action should be 'fairly freely' afforded an opportunity to amend his complaint, even if he makes the request after the court has entered judgment dismissing his original complaint." Satchell v. Dilworth, 745 F.2d 781, 785 (2d Cir.1984) (citation omitted).
 
 
 10
 Similarly, the district judge should consider whether Frazier's allegation that he was punished with disciplinary confinement prior to a hearing at which he was found not guilty states a claim under 42 U.S.C. Sec. 1983. Disciplinary confinement clearly implicates a liberty interest requiring due process. Sher v. Coughlin, 739 F.2d 77, 81 (2d Cir.1984). Defendants argue that pre-hearing segregation, when an inmate is confined pending a disciplinary hearing, is "administrative" rather than "disciplinary". See Bolden v. Alston, 810 F.2d 353, 357 (2d Cir.) cert. denied, --- U.S. ----, 108 S.Ct. 229, 98 L.Ed.2d 188 (1987). It is the responsibility of the district court in the first instance, however, to determine whether, taking the alleged facts as true, Frazier's allegation of prehearing discipline, states a claim under 42 U.S.C. Sec. 1983.
 
 
 11
 We wish to commend appointed counsel on this appeal for a thorough and helpful presentation.
 
 CONCLUSION
 
 12
 As to the October 26, 1984 claim, the judgment of the district court is affirmed. With respect to the June 4, 1984, and October 1, 1984, claims, the judgment is reversed, and the case is remanded for further proceedings in accordance with this opinion.