978 F.2d 715
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary E. RADI, Plaintiff-Appellant,
v.
Jack McCORMICK, Warden, Montana State Prison, et al.,
Defendants-Appellees.
 No. 92-35162.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1992.*
Decided Nov. 6, 1992.
 
 MEMORANDUM**
 Before SCHROEDER, FLETCHER and PREGERSON, Circuit Judges.
 
 
 1
 Gary E. Radi, a Montana state prisoner, appeals pro se the district court's order dismissing his 42 U.S.C. § 1983 civil rights action after an evidentiary hearing. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's findings of fact for clear error, see United States v. Benny, 786 F.2d 1410, 1419 (9th Cir.), cert. denied, 479 U.S. 1017 (1986), and affirm.
 
 
 2
 * Prisoners have a due process right to notice and an opportunity to be heard in connection with disciplinary proceedings. Wolff v. McDonnell, 418 U.S. 539, 563-64 (1974); Zimmerlee v. Keeney, 831 F.2d 183, 186 (9th Cir.1987), cert. denied, 487 U.S. 1207 (1988). Accordingly, before a prisoner can be charged with violating prison rules, the prisoner must have notice of those rules. See Wolff, 418 U.S. at 563-64; accord Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir.1988); cf. Dillard v. Pitchess, 399 F.Supp. 1225, 1241 (C.D.Cal.1975).
 
 
 3
 Radi contends the appellees violated his due process rights by charging him with disciplinary violations and punishing him without first providing him a copy of the prison rules and regulations. He argues that because appellees failed to provide him a copy of the rules he did not have notice that the conduct he engaged in would subject him to disciplinary charges and punishment. Radi asserts that as a result of these constitutional violations he lost good time credits and was denied parole during the years 1984 through 1987.
 
 
 4
 At the evidentiary hearing, two witnesses testified that they could not say that Radi received a copy of the prison rules and regulations. Moreover, there is no documentary evidence that Radi was issued the rules during any of his various periods of incarceration. Finally, an excerpt from the prison newspaper submitted as an exhibit contains a statement by Deputy Warden Weer that the rules had not been published for a number of years.
 
 
 5
 The witnesses also testified as to the methods by which inmates were notified of prison rules and regulations. These methods included inmate orientation, rule books available in the prison library and guard offices, the orientation handbook, and the prison newspaper. The magistrate judge concluded, and the district court agreed, that prison officials sufficiently met the requirements of due process by posting and otherwise making available the rules. The magistrate judge specifically noted that Radi was not a stranger to the prison.
 
 
 6
 Radi has been incarcerated at this particular prison at various times since 1965. This fact, viewed in light of the very nature of the disciplinary charges against Radi (attempted escape, smuggling of weapons), suggests that Radi knew he was violating the rules. This conclusion is supported by Radi's opening brief, in which he states that "it is not crucial as far as whether Petitioner should have known he was in violation of Prison Rules, rather, it is the LACK OF NOTICE to Petitioner as to potential exposure to disciplinary punishments and sanctions that is at the crux of this complaint." Appellant's Opening Brief at 8 (emphasis in original).
 
 
 7
 We have examined the record, and, while it is true that there is no documentary evidence that Radi was issued a copy of the prison rules and regulations, we cannot say that the district court's finding is clearly erroneous. See Benny, 786 F.2d at 1419. Therefore, because Radi had notice of the prison rules and an opportunity to be heard on each of the disciplinary charges he faced, he received all the process he was due.
 
 II
 
 8
 Radi also contends the district court erred by (1) denying his motion for appointment of counsel, (2) refusing to issue subpoenas to all of the witnesses whose testimony he sought, and (3) denying his request for an order requiring disclosure of prison records and files. We review these rulings for an abuse of discretion. See United States v. Bourgeois, 964 F.2d 935, 937 (9th Cir.) (discovery questions), cert. denied, 61 U.S.L.W. 3264 (U.S. Oct. 5, 1992) (No. 92-5620); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991) (appointment of counsel); cf. United States v. Shirley, 884 F.2d 1130, 1132-33 (9th Cir.1989) (issuance of subpoenas).
 
 
 9
 We agree with the district court that this case does not present exceptional circumstances warranting appointment of counsel for Radi. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986). Moreover, we cannot say that the court abused its discretion by refusing to issue the subpoenas or denying Radi's request for access to prison files.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3