Richard FLOWERS, Plaintiff,

v.

Steven DALSHEIM, A. Esparra, and D. Cuccias, Defendants.

No. 92 CIV. 7624 (KMW).

United States District Court, S.D. New York.

July 16, 1993.

---

Plaintiff pro se.

John J. Sullivan, Asst. Atty. Gen., State of N.Y., Dept. of Law, New York City, for defendants.

## ORDER

KIMBA M. WOOD, District Judge.

■ In a Report and Recommendation dated July 1, 1993, Magistrate Judge Grubin recommended that I grant defendants' motion to dismiss this action. In conformity with *Small v. Secretary·of Health and Human Services*, 892 F.2d 15, 16 (2d Cir.1989), the Magistrate Judge's Report explicitly cautioned that failure to file timely objections could constitute a waiver of those objections. No objections have been received. I therefore accept and adopt the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985) (failure to file timely objections constitutes waiver of objections, and district court review not required); *cf. Small*, 892 F.2d 15 (*Arn* applies even to *pro se* litigants where Report contains proper cautionary language).

SO ORDERED.

## REPORT AND RECOMMENDATION TO THE HONORABLE KIMBA M. WOOD

GRUBIN, United States Magistrate Judge:

On September 23, 1992 the Pro Se Office of this court received the complaint in this § 1983 action from plaintiff, then an inmate at the Downstate Correctional Facility, who proceeds *pro se* and *in forma pauperis*. The complaint was filed on October 20, 1992. Pending is defendants' motion to dismiss the claims against them pursuant to Fed.R.Civ.P. 12(b)(6). For the following reasons, I respectfully recommend that the motion be granted.

## BACKGROUND

In his complaint, the signature date of which is September 8, 1992, plaintiff alleges that "since Sept. 6, 1992 plaintiff has been repeatedly hollering from his cell and writing to the Housing Unit Officer to get notary service, and medication," and that defendant correction officer A. Esparra "since writing plaintiff up, refuses to call an area sgt. so that plaintiff doesn't go into insulin shock." Plaintiff further alleges that on September 8, 1992 he "tried to get to the law library to get notary service" and gave defendant correction officer D. Cuccias a note requesting that he "call an area sgt., so that arrangements can be made this afternoon, for me to have legal papers notarized," but that Cuccias ignored his requests and returned the note to him. Plaintiff further alleges that defendant Dalsheim, the Superintendent at Downstate, "with full knowledge that these abuses are occurring" allows them to occur and that "by practice and policy" he authorizes his staff to violate the rights of inmates to access to the law library for notary services. Claiming that he is "suffering severe emotional stress & trauma, being denied medication or any access to medical treatment while C.O. Esparra is working the unit, and C.O. Cuccias, does the same, in denying [ ] access to notary services," plaintiff seeks compensatory and punitive damages. On April 14, 1993 defendants moved to dismiss for failure to state a claim upon which relief can be granted. By Order of April 16, 1993 I gave plaintiff until May 10, 1993 to file a response, but he has not responded.

## DISCUSSION

■ On a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Walker v. City of New York,* 974 F.2d 293, 298 (2d Cir.1992), *cert. denied,* — U.S. —, 113 S.Ct. 1387, 122 L.Ed.2d 762 & — U.S. —, 113 S.Ct. 1412, 122 L.Ed.2d 784 (1993); *Frazier v. Coughlin,* 850 F.2d 129, 129 (2d Cir.1988); *see Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* — U.S. —, —, 113

S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). A complaint should not be dismissed for failure to state a claim unless, "after viewing plaintiff's allegations in this favorable light, 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Walker v. City of New York,* 974 F.2d at 298 (quoting *Ricciuti v. New York City Transit Auth.,* 941 F.2d 119, 123 (2d Cir.1991)). Moreover, *pro se* complaints are to be liberally construed. *See Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 175, 66 L.Ed.2d 163 (1980) (per curiam); *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (per curiam); *Salahuddin v. Coughlin,* 781 F.2d 24, 28 (2d Cir.1986).

### *Alleged Denial of Access to Notary Services*

■ The Supreme Court has held that "indigent inmates must be provided at state expense with paper and pen to draft legal documents with notarial services to authenticate them, and with stamps to mail them." *Bounds v. Smith,* 430 U.S. 817, 824–25, 97 S.Ct. 1491, 1496, 52 L.Ed.2d 72 (1977). However, "[t]here is no constitutional right to a notary service five days a week," *Washington v. Vincent,* 361 F.Supp. 942, 943 (S.D.N.Y.1973); *accord: Dugar v. Coughlin,* 613 F.Supp. 849, 854 (S.D.N.Y.1985); *Woodson v. Ward,* No. 78 Civ. 1404 (RWS), slip op. (S.D.N.Y. Nov. 6, 1978) (available on Lexis), and "it is within the discretion of prison officials to establish reasonable procedures governing access to prison legal facilities, including access to notary publics." *Id.* Thus, in *Washington v. Vincent,* the court upheld facility procedures providing inmates with notary services at least twice per week. 361 F.Supp. at 943. The current DOCS guidelines, which call upon facilities to establish a schedule ensuring "access to the services of a notary public within 72 hours of request excluding weekends and holidays," State of New York Department of Correctional Services Directive No. 4483, § III(J) (June 14, 1990), satisfy the requirements drawn from these cases.

■ Since there is no right to a notary "five days a week," it goes without saying that there is no right to one on weekends and

holidays. Plaintiff alleges he requested a notary on September 6, 1992. However, September 6 was a Sunday, and September 7 was Labor Day. It was on September 8 that plaintiff issued his complaint herein. But even if the three days in question had all been weekdays, since plaintiff does not allege that an emergency existed or that his access to the courts was in any way impaired, that delay would not have risen to the level of a constitutional deprivation. *See Hudson v. Robinson*, 678 F.2d 462, 465 (3d Cir.1982) (inmate required to wait ten days to have a document notarized who suffered no "actual injury" as a result of that delay did not state a claim for denial of access to the courts).[1] Accordingly, defendants' motion should be granted on this claim.

## Alleged Denial of Medication

■ Plaintiff does not state which constitutional provision defendant Esparra allegedly violated, but in accordance with our duty to construe *pro se* pleadings liberally we assume plaintiff wishes to state a claim under the Eighth Amendment which guarantees against cruel and unusual punishment and is the only claim available to him under the circumstances alleged. However, the cruel and unusual punishments clause of the Eighth Amendment is violated by the behavior of prison officials only when that behavior involves the "unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986). *See Hudson v. McMillan*, — U.S. —, —, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992). In order to state an Eighth Amendment claim with respect to medical harm caused by a prison official, a prisoner must "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*,

429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976).[2] *See Hudson v. McMillan*, — U.S. at —, 112 S.Ct. at 998. The Supreme Court has recently emphasized that "deliberate indifference to serious medical needs" has an "objective component" as well as a "subjective" one. *Id.* at —, 112 S.Ct. at 999. *See Wilson v. Seiter*, 501 U.S. —, —, 111 S.Ct. 2321, 2326, 115 L.Ed.2d 271 (1991). "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillan*, — U.S. at —, 112 S.Ct. at 1000 (citing *Estelle v. Gamble*, 429 U.S. at 103–04, 97 S.Ct. at 290–91).

■ Even liberally construed, plaintiff's elliptical allegations do not evince either "serious medical needs" or "deliberate indifference" to them. Plaintiff does not state what his medical condition was. His single reference to "insulin shock" notwithstanding, plaintiff does not state that he suffered this on September 6, 1992. Indeed, from the fact that he alleges in the complaint only that he suffered "severe emotional stress & trauma" and from the fact that he did not seek injunctive relief but asks herein only for monetary damages, the inference may be drawn that he did not suffer an injury beyond an emotional one. Moreover, since plaintiff alleges nothing with respect to Esparra's intent or state of mind and one cannot otherwise determine from the complaint what Esparra either observed or heard from plaintiff, plaintiff's allegations do not reflect a "sufficiently culpable state of mind" to sustain an Eighth Amendment claim. *Hudson v. McMillan*, — U.S. at —, 112 S.Ct. at 999 (quoting *Wilson v. Seiter*, — U.S. at —, 111 S.Ct. at 2326). In sum, lacking the elements of

---

1. Indeed, he does not state the nature of the legal papers he sought to have notarized. His note to defendant Cuccias of September 8, 1992 tells Cuccias that if he does not make arrangements for a notary that afternoon "I will name you in a § 1983 Law Suit." It thus appears that it was not for any claim in the complaint herein for which he sought notary services. It should be noted, in addition, that the complaint does not request any form of injunctive relief, but merely damages. Presumably, a notary was made available prior to the time he sent this complaint to the court.

2. "Deliberate indifference to serious medical needs" may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* 429 U.S. at 104–05, 97 S.Ct. at 291–92 (footnotes omitted).

"serious medical needs" and "deliberate in-difference," the complaint fails to state a claim upon which relief can be granted under the Eighth Amendment.

*Plaintiff's Claims Against Superintendent Dalsheim*

Since plaintiff's claims against defendant Dalsheim depend on the sufficiency of his claims against Cuccias and Esparra, they must also be dismissed.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that your Honor grant the defendants' motion to dismiss the complaint.

Copies of this Report and Recommendation were mailed July 1, 1993 to the following:

Mr. Richard Flowers

132 West 139th Street Apt. 1–C

New York, New York 10030

John J. Sullivan, Esq.

Assistant Attorney General

State Of New York

Department of Law

120 Broadway

New York, New York 10271

The parties are hereby directed that if you have any objections to this Report and Recommendation you must, within ten (10) days from today, make them in writing, file them with the Clerk of the Court and send copies to the Honorable Kimba M. Wood, to the opposing party and to the undersigned. Failure to file objections within ten (10) days will preclude later appellate review of any order that will be entered by Judge Wood. *See* 28 U.S.C. § 636(b)(1); Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure; *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Small v. Secretary of HHS,* 892 F.2d 15, 16 (2d Cir.1989) (per curiam); *Wesolek v. Canadair Ltd.,* 838 F.2d 55, 58 (2d Cir.1988); *McCarthy v. Manson,* 714 F.2d 234, 237 (2d Cir.1983) (per curiam).

Dated: New York, New York
July 1, 1993