Eric SMITH, Plaintiff,

v.

Sgt. F.V. O'CONNOR;  Officer M. Black;
Officer E. Derios, Defendants.

No. 94 Civ. 6848 (SS).

United States District Court,
S.D. New York.

Sept. 26, 1995.

Eric Smith, Ossining, New York, pro se.

Dennis C. Vacco, Attorney General, State of New York, Albany, New York (Charles F. Sanders, Nancy Miller Lerner, of counsel), for defendants.

## OPINION AND ORDER

SOTOMAYOR, District Judge.

*Pro se* plaintiff brings this 42 U.S.C. § 1983 action alleging that defendants scattered and destroyed his personal property, including legal papers, during a search of his cell at Sing Sing Correctional Facility on August 26, 1994. Defendants, Sing Sing correctional officers, move to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that the complaint fails to state a claim upon which relief can be granted. In response to defendants' motion, plaintiff filed a "Notice of Motion Amended Complaint" which I construe as his opposition to defendants' motion to dismiss as well as a cross-motion to amend the complaint. Defendants submitted additional papers opposing plaintiff's cross-motion to amend and in further support of their motion to dismiss. For the reasons discussed below, defendants' motion to dismiss the complaint is granted and plaintiff's motion to amend the complaint is denied.

## DISCUSSION

Once a defendant files a motion to dismiss under Rule 12(b)(6), the district court must review the complaint "to assess the legal feasibility of the complaint." *Moore v. Murphy,* No. 94 Civ. 3287 (SS), 1995 WL 244705, at *3, 1995 U.S.Dist. LEXIS 5468, at *6 (S.D.N.Y. Apr. 26, 1995) (citing *Kopec v. Coughlin,* 922 F.2d 152, 155 (2d Cir.1991)). The issue "is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90

(1974). Therefore, the court must view the complaint in a light most favorable to the plaintiff, and accept the factual allegations stated in the complaint as true. *See Jackson Nat'l Life Ins. Co. v. Merrill Lynch & Co.,* 32 F.3d 697, 699–700 (2d Cir.1994) (citation omitted); *Walker v. City of New York,* 974 F.2d 293, 298 (2d Cir.1992), *cert. denied,* — U.S. — , 113 S.Ct. 1387, 122 L.Ed.2d 762 (1993); *Frazier v. Coughlin,* 850 F.2d 129, 129 (2d Cir.1988).

A Rule 12(b)(6) motion can only be granted where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Staron v. McDonald's Corp.,* 51 F.3d 353, 355 (2d Cir.1995) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957) (footnote omitted)); *see Cohen v. Koenig,* 25 F.3d 1168, 1171–72 (2d Cir.1994) (same); *Sykes v. James,* 13 F.3d 515, 519 (2d Cir.1993) (same), *cert. denied,* — U.S. — , 114 S.Ct. 2749, 129 L.Ed.2d 867 (1994); *Ricciuti v. New York City Transit. Auth.,* 941 F.2d 119, 123 (2d Cir.1991) (same); *Frazier,* 850 F.2d at 129 (same). Moreover, as a *pro se* litigant, plaintiff is entitled to significant liberality in how his pleadings are construed and pleadings such as plaintiff's are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (per curiam); *see Ortiz v. Cornetta,* 867 F.2d 146, 148 (2d Cir.1989).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law, deprived him of a right, privilege or immunity secured by the Constitution, laws or treaties of the United States. 42 U.S.C. § 1983; *see Sykes,* 13 F.3d at 519 (citing *Day v. Morgenthau,* 909 F.2d 75, 77 (2d Cir.1990), *cert. denied,* — U.S. — , 113 S.Ct. 71, 121 L.Ed.2d 37 (1992)). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes,* 13 F.3d at 519 (citation omitted). The instant action may be viewed as raising two different claims under § 1983: a claim that plaintiff was deprived of his property without due

process, and a claim that defendants' actions improperly obstructed plaintiff's access to the courts.

## BACKGROUND

Plaintiff alleges that on August 26, 1994, while reading in his cell, defendants O'Connor, Black and Derior "showed up for a special cell frisk". Proposed Amended Complaint, at 2. Plaintiff watched defendants search his cell and rummage through his personal property. Complaint, at 3; Proposed Amended Complaint, at 2. Defendants scattered plaintiff's belongings throughout the cell and dropped plaintiff's legal papers into the toilet "as though that was where they belonged." Proposed Amended Complaint, at 3. Defendants then flipped over plaintiff's locker and "stepp[ed] on paper work that they had intentionally dropped on the floor, without making any attempt to put it where they originally got it, as required by facility policy and procedure." *Id.*

### A. Plaintiff's Due Process Property Deprivation Claim

A claim for deprivation of property cannot lie in federal court if the state courts provide an adequate remedy for the deprivation of that property. *Hudson v. Palmer,* 468 U.S. 517, 533, 104 S.Ct. 3194, 3203, 82 L.Ed.2d 393 (1984); *Parratt v. Taylor,* 451 U.S. 527, 542–43, 101 S.Ct. 1908, 1916–17, 68 L.Ed.2d 420 (1981) *overruled in part on other grounds by Daniels v. Williams,* 474 U.S. 327, 330–31, 106 S.Ct. 662, 664–65, 88 L.Ed.2d 662 (1986); *Marino v. Ameruso,* 837 F.2d 45, 47 (2d Cir.1988) (citations omitted). New York provides such a remedy in § 9 of the New York Court of Claims Act which permits an inmate to pursue a claim for deprivation of property against the State of New York in the New York Court of Claims. *See DeMaio v. Mann,* 877 F.Supp. 89, 95 (N.D.N.Y.1995); *McCorkle v. Walker,* 871 F.Supp. 555, 560 (N.D.N.Y.1995); *Forman v. Coughlin,* No. 93 Civ. 8412 (LAK), 1994 WL 708150, at *1, 1994 U.S.Dist. LEXIS 18103, at *3–4 (S.D.N.Y. Dec. 20, 1994) ("New York has adequate remedies [for deprivation of property claims] via recourse to the New York Court of Claims. The Constitution requires nothing further."). Because New York State provides an adequate post-deprivation remedy for destruction of his property, plaintiff may pursue his claim in state court.

Plaintiff's failure to take advantage of the state procedures does not convert his cause of action into a constitutional due process claim. *See Franco v. Kelly,* 854 F.2d 584, 588 (2d Cir.) ("*Parratt* continues, even after *Daniels v. Williams,* to stand for the proposition that 'section 1983 cannot be made a vehicle for transforming mere civil tort injuries into constitutional injuries.'" *Id.* (quoting *Morello v. James,* 810 F.2d 344, 347 (2d Cir.1987))). Because plaintiff was not deprived of his property without due process of law in that he had an adequate remedy to vindicate his alleged loss, he cannot state a claim for relief under § 1983 that his constitutional rights were violated. *See Love v. Coughlin,* 714 F.2d 207, 208–09 (2d Cir.1983) (per curiam).

Plaintiff's claim that defendants failed to follow the New York State Department of Corrections Directives regarding cell search procedures must also be dismissed. Under Directive # 4910, correctional officers are required to conduct a cell search "thorough[ly] and orderly." In addition,

> [c]are is to be taken to avoid damage or destruction to property. Every effort shall be made to leave the living quarters in the same condition they were prior to inspection. If an inmate's property is damaged, the employee conducting the search shall report it to his supervisor in writing ... If possible, items are to be returned to the approximate position in which they were found.

Directive # 4910, at 11–12, ¶ V(E).

Plaintiff asserts that during the cell search, defendants turned his locker upside down, scattered his papers on the floor, and then refused to return the items to the "approximate position in which they were found." *Id.* Assuming *arguendo,* however, that defendants did fail to follow Directive # 4910, this, in and of itself, does not violate plaintiff's federal constitutional rights. "An

individual's right to have the relevant state laws strictly obeyed is not a federal right protected by the Civil Rights Act of 1871 or the Constitution of the United States." *Taylor v. Nichols,* 409 F.Supp. 927, 933 (D.Kan. 1976) (citations omitted), *aff'd,* 558 F.2d 561 (10th Cir.1977); *see also Ortega Cabrera v. Municipality of Bayamon,* 562 F.2d 91, 102 (1st Cir.1977); *Phelps v. Wichita Eagle–Beacon,* 632 F.Supp. 1164, 1166–67 (D.Kan.1986), *aff'd in part and rev'd in part,* 886 F.2d 1262 (10th Cir.1989).

■ On the other hand, state laws may create a property or liberty interest from which one may not be deprived without due process of law. *RR Village Assn., Inc. v. Denver Sewer Corp.,* 826 F.2d 1197, 1201 (2d Cir.1987) (citing *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985)); *see Ezekwo v. N.Y.C. Health & Hosps. Corp.,* 940 F.2d 775, 782 (2d Cir.1991) (citing *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)); *see also Hewitt v. Helms,* 459 U.S. 460, 471, 103 S.Ct. 864, 871, 74 L.Ed.2d 675 (1980), *questioned by, Sandin v. Conner,* ——— U.S. ———, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Wolff v. McDonnell,* 418 U.S. 539, 556–557, 94 S.Ct. 2963, 2974–75, 41 L.Ed.2d 935 (1974). The parameters of this interest are necessarily defined by the state statute or regulation. *RR Village Assn., Inc.,* 826 F.2d at 1201.

> A state-created entitlement that cannot properly be eliminated except for cause is a property right of which the holder may not be deprived without procedural due process ... Conversely, if state law makes the pertinent official action discretionary, one's interest in a favorable decision does not rise to the level of a property right entitled to procedural due process protection.

*Id.* at 1201–02. (citations omitted). State regulations regarding prison administration and procedure do not create a constitutionally protected liberty interest unless those regulations use "explicitly mandatory language in connection with ... specific substantive predicates." *Hewitt,* 459 U.S. at 471–72, 103 S.Ct. at 871–72.

■ Plaintiff's claims regarding Directive # 4910 fail to show the existence of a property interest to which a due process right is attached. The directive simply provides a blueprint for correctional officers to follow when conducting a cell search. Its aim is to ensure that officers take care when moving an inmate's property during the search. Even the most liberal interpretation of Directive # 4910 cannot support the conclusion that an inmate has an entitlement to a property interest in a clean cell during or after a search. *See Terrell v. Coughlin,* No. 91 Civ. 2987(LJF), 1991 WL 274475, at *2 (S.D.N.Y. Dec. 10, 1991) (finding that Directive # 4910 does not grant inmates substantive rights). Because no property right exists, plaintiff is not entitled to constitutional due process considerations if the terms of the directive are violated.

Therefore, plaintiff's assertion that defendants stepped on his belongings and left his cell in disarray in violation of Directive # 4910 fails to state a claim for relief under § 1983. While the adage that "cleanliness is next to godliness" may ring true to plaintiff, *see In re Hoover,* 30 F. 51, 56 (S.D.Ga.), *aff'd,* 33 F. 117 (C.C.S.D.Ga.1887); *Schnapp v. Lefkowitz,* 101 Misc.2d 1075, 422 N.Y.S.2d 798, 803 (Sup.Ct.1979), it simply does not convert his property claim into a constitutional claim under § 1983.

*B. Plaintiff's Access-to-the-Courts Claim*

■ Plaintiff's claim that defendants destroyed his legal papers, however, stands on a different footing from his deprivation of property claim. "It is now established beyond doubt that prisoners have a constitutional right" to adequate, effective, and meaningful access to the courts. *See Bounds v. Smith,* 430 U.S. 817, 821, 822, 97 S.Ct. 1491, 1494, 1495, 52 L.Ed.2d 72 (1977). "However, 'the Constitution requires no more than reasonable access to the courts.'" *Jermosen v. Coughlin,* 877 F.Supp. 864, 871 (S.D.N.Y.1995) (quoting *Pickett v. Schaefer,* 503 F.Supp. 27, 28 (S.D.N.Y.1980)); *see Bounds,* 430 U.S. at 825, 97 S.Ct. at 1496; *Morello v. James,* 810 F.2d 344, 346–47 (2d Cir.1987); *Washington v. James,* 782 F.2d 1134, 1138 (2d Cir.1986).

■■■ To state a claim that his constitutional right to access the court was violated, plaintiff must allege facts demonstrating that defendants deliberately and maliciously interfered with his access to the courts, and that such conduct materially prejudiced a legal action he sought to pursue. *See Morello,* 810 F.2d at 347; *Herrera v. Scully,* 815 F.Supp. 713, 725 (S.D.N.Y.1993); *Duff v. Coughlin,* 794 F.Supp. 521, 524 (S.D.N.Y. 1992); *Hikel v. King,* 659 F.Supp. 337, 340 (E.D.N.Y.1987). It is a close question whether plaintiff's complaint includes sufficient facts from which to infer that defendants searched his cell deliberately and maliciously to interfere with his access to the courts. Plaintiff's complaint does not, however, present any facts to show how such conduct, if it occurred with the requisite mental state, materially prejudiced a pending legal action or one that he sought to file in the courts. At best, plaintiff's allegation that his "law work" was destroyed supports the conclusion that he was temporarily inconvenienced by the loss of his papers. Complaint, at 3. While such inconvenience is understandably frustrating, it does not violate a constitutional right. *See Jermosen v. Coughlin,* No. 89 Civ. 1866 (RJW), 1995 WL 144155, at *4 1995 U.S.Dist. LEXIS 3989, at *13 (S.D.N.Y. Mar. 30, 1995) ("Interferences that merely delay an inmates's ability to work on a pending cause of action or to communicate with the courts do not violate this constitutional right."); *Jermosen,* 877 F.Supp. at 871; *Herrera,* 815 F.Supp. at 725 ("A delay in being able to work on one's legal action or communicate with the courts does not rise to the level of a constitutional violation.").

Although plaintiff's original complaint fails to state a claim upon which relief can be granted, I must accord plaintiff's *pro se* pleadings the generous interpretation to which they are entitled, *Haines,* 404 U.S. at 520–21, 92 S.Ct. at 595–96, and accordingly, I also look to plaintiff's proposed amended complaint to determine whether it offers further facts which would sustain his complaint against defendants' motion.

### C. The Proposed Amended Complaint

Unlike the allegations in the original complaint, the proposed amended complaint provides substantially more details regarding the destruction of plaintiff's legal papers. The complaint alleges that defendants scattered plaintiff's items throughout the cell and dropped plaintiff's legal papers into the toilet "as though that was where they belonged." Proposed Amended Complaint, at 3. Plaintiff explains that the legal papers in question "concerned extensive legal research and preparation of a 440.10 motion [and] plaintiff is literally at a los[s] as to where and how to put this well motion together again." *Id.* at 4. Plaintiff asserts that defendants threatened plaintiff with physical violence if he complained about their conduct. *Id.* at 3. Finally, plaintiff alleges that defendants' actions were retaliatory in nature because plaintiff "made a legal complaint to [defendants'] superior officer." *Id.* at 4.

■■■ Assuming, as I must for purposes of defendants' motion, that defendants did destroy plaintiff's legal papers, and presuming given plaintiff's characterization of the search that such destruction was deliberate and malicious, plaintiff offers no facts to explain how the destruction of his legal papers prejudiced his ability to seek redress from the judicial system.[1] The purportedly destroyed legal document in question was a motion plaintiff intended to file in New York State Supreme Court challenging his criminal conviction under N.Y.Crim.Proc.Law § 440.10 (McKinney 1994). A § 440.10 motion may be made "[a]t any time after the entry of a judgment". *Id.* Plaintiff is therefore not under any specified time constraints to bring his § 440.10 motion. *Compare Morello,* 810 F.2d at 347 (allegations that loss of legal documents caused "irreparable harm in perfecting [plaintiff's] appeal" of conviction may be sufficient to satisfy prejudice element); *Rodriguez v. Coughlin,* 795 F.Supp. 609, 613 (W.D.N.Y. 1992) (access to courts claim must fail absent

---

**1.** Although plaintiff fails to state a claim for relief that defendants violated his constitutional right to access the courts, his allegations that defendants tossed his legal papers down the toilet, if true, are unsettling. This Court does not condone such actions by anyone, particularly law enforcement officials such as correctional officers.

allegations that temporary loss of legal document caused harm).

Furthermore, plaintiff's claim that another inmate in the facility "who was willing to do all of [his] research for the motion and write its complete format and argument" is now "too busy to re-do" it and that "it would be a burden on [plaintiff's] mental abilities to research and prepare another 440.10 Motion" is simply insufficient to state a claim that he was denied access to the courts. That another inmate may have more easily drafted the requisite legal arguments does not demonstrate prejudice to plaintiff in that plaintiff still has adequate, effective, and meaningful access to the courts. *See Bounds,* 430 U.S. at 821–22, 97 S.Ct. at 1494–95.

Plaintiff's proposed amendment raises, albeit for the first time, a claim that defendants acted in retaliation for plaintiff complaining to their superior officer. While it is true that a claim for relief may be stated under § 1983 "if otherwise routine administrative decisions are made in retaliation for the exercise of constitutionally protected rights", *Gill v. Mooney,* 824 F.2d 192, 194 (2d Cir.1987) (*citing Purcell v. Coughlin,* 790 F.2d 263, 265 (2d Cir.1986) (per curiam)), "a complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleadings alone." *Flaherty v. Coughlin,* 713 F.2d 10, 13 (2d Cir.1983); *see Gill,* 824 F.2d at 194. Here, plaintiff's allegation that the defendants retaliated against him because of an undefined "legal complaint" made to a superior officer at an unspecified time is too conclusory to state a claim for retaliation.[2]

Although leave to amend a complaint must be "freely given when justice so requires", Fed.R.Civ.P. 15(a), and although *pro se* litigants are held to a less stringent standard than are attorneys, *see Haines,* 404 U.S. at 520–21, 92 S.Ct. at 595–96, it remains true that if a proposed amendment would simply state a claim that would be subject to dismissal for insufficiency pursuant to Fed.

R.Civ.P. 12(b)(6), the proper course is to deny the motion to amend. *Green v. Coughlin,* No. 94 Civ. 3356 (JFK), 1995 WL 498808, at *6 1995 U.S.Dist. LEXIS 12032, at *4 (S.D.N.Y. Aug. 22, 1995) (citing *Richardson Greenshields Secur., Inc. v. Mui–Hin Lau,* 825 F.2d 647, 653 n. 6 (2d Cir.1987) (citations omitted)); *Prins v. Coughlin,* No. 94 Civ. 2053, 1995 WL 378526, at *1 (MBM), 1995 U.S.Dist. LEXIS 8673, at *3–4 (S.D.N.Y. June 26, 1995); *c.f. Levy v. Lerner,* 853 F.Supp. 636, 637–38 (E.D.N.Y.1994) (motion to amend granted "as a matter of course" but dismissed for failure to state a claim for relief under Rule 12(b)(6)), *aff'd without opinion,* 52 F.3d 312 (2d Cir.1995).

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is granted. Plaintiff's motion to amend his complaint is denied. The Clerk of the Court is directed to enter judgment dismissing the complaint against defendants in its entirety.

**SO ORDERED.**

---

**2.** It is unclear if plaintiff believes that defendants retaliated against him by searching his cell or destroying his motion. However, his bald allegations fail to state a claim for retaliatory conduct in either case. I note that as a result of the cell search, plaintiff was found guilty of possessing contraband and tampered items. *See* Affidavit of Nancy Miller Lerner in Opposition to Cross–Motion to Amend the Complaint and in further Support of Defendants' Motion to Dismiss, Exhs. A–E.