Ian DAWES, Plaintiff–Appellant,

v.

W. VanBENSCHOTEN, Deputy Super-
intendent, Eastern Correctional Facil-
ity, John Doe, Law Library Supervi-
sor, Eastern Correctional Facility,
and Officer Bigelow, Law Library Su-
pervisor, Defendants–Appellees.

No. 99–0343.

United States Court of Appeals,
Second Circuit.

Oct. 5, 2001.

Ian Dawes, Fallsburg, NY, on submission, pro se.

Robert M. Goldfarb, Assistant Solicitor General, Albany, NY, on submission; Eliot Spitzer, Attorney General of the State of New York; Nancy A. Spiegel, Assistant Solicitor General; Peter H. Schiff, Senior Counsel, on the brief, for appellee.

Present MESKILL, JACOBS, and JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be AFFIRMED.

Appellant Ian Dawes, a New York state inmate, appearing *pro se* and *in forma pauperis,* appeals from a judgment dismissing, following a jury trial, his 42 U.S.C. § 1983 complaint. Dawes alleges that officials of the Eastern Correctional Facility denied him access to the state courts to file papers in article 78 proceedings in which he challenged prison disciplinary actions. Specifically, Dawes alleges that between October 1991 and July 1992, appellee W. VanBenschoten, Deputy Superintendent and law library administrator at Eastern Correctional Facility, and appellee Bigelow, an officer in the prison law library, withheld sufficient writing materials and postage, and that, as a result, Dawes's two article 78 petitions were time-barred.

On appeal, Dawes challenges rulings of the United States District Court for the Northern District of New York (1) admitting into evidence certain article 78 documents that were in fact filed in the state proceeding; (2) dismissing pursuant to Fed R. Civ. P. 50 Dawes's 42 U.S.C. § 1983 claim against VanBenschoten; and (3) instructing the jury that Dawes must show deliberate and malicious intent to succeed in his 42 U.S.C. § 1983 claim against Bigelow. We affirm.

1. At trial, defendants offered into evidence documents relating to Dawes's article 78 petitions for the purpose of demonstrating that Dawes was, in fact, provided sufficient supplies to file court papers. Dawes maintains that, pursuant to Fed. R.Evid. 403, the documents were unfairly prejudicial.

■ We review evidentiary decisions for abuse of discretion, granting the district court wide deference. *Nora Beverages, Inc. v. Perrier Group of Am.,* 269 F.3d 114, 125 (2d Cir.2001). Rule 403 does not prescribe admission of all prejudicial evidence, just evidence that is more prejudicial than probative. Fed.R.Evid. 403.

■ The article 78 documents in question were highly probative of whether the interference alleged by Dawes actually occurred. They lacked any accusation of interference, and thus supported a defense of recent fabrication.

2. At the close of trial, VanBenschoten moved to dismiss pursuant to Fed R. Civ. P. 50. The district court granted that motion, holding that Dawes failed to demonstrate that VanBenschoten was person-

ally involved in any alleged denial of access to postage or legal papers.

■ This Court reviews *de novo* a district court's dismissal of a claim as a matter of law. *Coffey v. Dobbs Int'l Servs., Inc.,* 170 F.3d 323, 326 (2d Cir. 1999). To maintain an action against a state employee, a § 1983 plaintiff must present evidence of defendant's personal involvement in the deprivation of the constitutional right. *See Wright v. Smith,* 21 F.3d 496, 501 (2d Cir.1994).

■ In this case, the district court properly ruled that Dawes failed to do so, finding that VanBenschoten lacked notice that Dawes had an article 78 deadline approaching and needed materials for that purpose.

3. Finally, Dawes challenges the district court's instruction to the jury that Dawes must show that Bigelow acted with deliberate and malicious intent.

■ This Court reviews *de novo* jury instructions, and will not disturb the verdict where the error is harmless. *Girden v. Sandals Int'l,* No. 00–7319, 262 F.3d 195, 202–03 (2d Cir.2001). To find an unconstitutional denial of access to the courts, a plaintiff must demonstrate that the defendant acted deliberately and maliciously. *Morello v. James,* 810 F.2d 344, 347 (2d Cir.1987); *Smith v. O'Connor,* 901 F.Supp. 644, 649 (S.D.N.Y.1995).

Dawes's arguments focus generally on the obligation of prisons to provide inmate access to the courts; they do not demonstrate why the district court's instructions to the jury were in error.

For the reasons stated above the decision of the district court is affirmed.