*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2012-225

SEPTEMBER TERM, 2012

| | |
|---|---|
| Nina Keus | } APPEALED FROM: |
| | } |
| | } Superior Court, Franklin Unit, |
| v. | } Civil Division |
| | } |
| | } |
| Andrew Pallito, Commissioner of the | } DOCKET NO. S345-11 Fc |
| Department of Corrections | } |

Trial Judge: Martin Maley

In the above-entitled cause, the Clerk will enter:

Plaintiff, an inmate committed to the custody of the Commissioner of Corrections, appeals from a summary judgment in favor of the State. She contends the trial court erred in upholding a disciplinary violation relating to drug testing because she was not given notice of the testing protocol. We reverse.

The undisputed material facts may be summarized as follows. Plaintiff was incarcerated at the Northwest State Correctional Facility in June 2011. Shortly thereafter, she was subjected to drug screening by a correctional officer who provided her with an eight ounce glass of water and informed her that she had two hours to provide a urine sample. Plaintiff's first attempt failed. A second attempt yielded a sample of seventeen milliliters. A third attempt produced ten milliliters. Through the course of the allotted two hours, plaintiff produced a total of 27 milliliters. Relying on a prison regulation that required twenty milliliters for testing and provided that "failure to provide an amount sufficient for testing" was deemed a refusal to provide a sample—a basis for discipline—the correctional officer cited plaintiff for a violation on the basis that she had failed to provide a single sample of at least twenty milliliters.

After plaintiff's administrative appeal was denied, she filed a Rule 75 complaint. The superior court denied the State's motion to dismiss and considered the parties' cross-motions for summary judgment.[1] In her motion, plaintiff argued that the disciplinary violation was "unlawful" because she had "provided a sample totaling 27 ml of urine within" the required time. The State's opposition and cross-motion for summary judgment explained that the prison's testing laboratory requires a single sample of at least twenty milliliters and that combining

---

[1] The administrative appeal was denied on the ground that plaintiff had signed a waiver admitting guilt, and the State moved to dismiss her Rule 75 complaint partly on this basis and partly on the basis that the complaint was untimely. Plaintiff opposed the motion, alleging that the waiver was coerced and that the delay was due to excusable neglect. The trial court ruled in plaintiff's favor on these issues and denied the motion to dismiss. The State has not filed a cross-appeal challenging this ruling.

samples to produce the minimum amount would interfere with test reliability.[2]  In her response to the State's opposition, plaintiff asserted that the laboratory rules were not a part of the prison regulations, that there was no evidence that she or other inmates were informed of the single-sample rule, and that she could not "be held liable for infractions for which she has no notice."

The court ruled in favor of the State, citing the general deference accorded to the DOC's interpretation of its own regulations, Loveland v. Gorczyk, 173 Vt. 501, 501 (2001) (mem.), and concluding that the single-sample requirement was a reasonable one "to ensure a valid sample." This appeal followed.

Plaintiff's sole claim on appeal is that she cannot be disciplined for violating a rule of which she had "no notice or knowledge" consistent with due process.

We review the superior court's summary judgment ruling de novo, applying the same standard as the trial court.  King v. Gorczyk, 2003 VT 34, ¶ 7, 175 Vt. 220 (2003).  In particular, we will affirm summary judgment where the record clearly indicates that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  Id.; V.R.C.P. 56(c).

We should be clear at the outset that the reasonableness of the DOC's process for managing and evaluating plaintiff's urine sample, and its interpretation of its regulations as it relates to the DOC's procedures for collecting and processing urine samples are not directly at issue.  If the challenge here was that DOC should have sent the combined samples from two separate attempts within the two-hour window to its testing lab, we would affirm the Department's position.  King, 2003 VT 34, ¶ 11 ("Setting appropriate testing standards and procedures is within the expertise of the DOC, and we show great deference to agency administrators in these matters.").  The State's evidence on summary judgment establishes without contradiction that the lab that tests the DOC's urine specimens requires that the 20 milliliter minimum urine sample be collected from a single output of urine, and that when a sample is produced that is less than 20 ml, the staff collector must take collection of the partial specimen and dispose of it.

The issue presented on this appeal is whether plaintiff was on sufficient notice of the "single-output" requirement to allow for discipline on account of her failure to produce the required 20 ml within the two-hour window in a single output.  Before a prisoner can be charged with violating prison rules, the prisoner must have notice of those rules.  See Reeves v. Pettcox, 19 F.3d 1060, 1061 (5th Cir. 1994) ("[I]t is a violation of due process to punish inmates for acts which they could not have known were prohibited."); Forbes v. Trigg, 976 F.2d 308, 314 (7th Cir. 1992) ("Due process requires that inmates receive fair notice of a rule before they can be sanctioned for its violation."); Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988) (inmate who was disciplined for violation of prison rules prohibiting otherwise lawful conduct stated claim for relief "if [he] can prove that he lacked notice of the rules").  Even if, as the State argues, prison regulations need not give notice of what conduct is prohibited in prison with the same degree of specificity required by due process for notice of conduct punishable by trial and imprisonment, a prisoner is entitled to some notice that otherwise lawful and nondisruptive conduct is subject to discipline.  Rios v. Lane, 812 F.2d 1032, 1039 (7th Cir. 1987) (due process

---

[2]  The State also argued that plaintiff had no protected "liberty interest" that would entitle her to challenge the disciplinary violation.  The trial court rejected this argument, and the State has not challenged the ruling on appeal.

imposes a "continuing requirement that inmates be free to steer away from prohibited conduct, unentangled by the trappings of poorly delineated prison regulations").

In this case, the DOC undisputedly notified plaintiff orally that she had two hours to provide an amount of urine sufficient for testing. Plaintiff was undisputedly on at least constructive notice that a failure to submit to drug testing is a ground for discipline. Directive 410.01. We will assume for the sake of argument that Procedure 300.58, which provides guidelines for drug testing of inmates at Northwest State Correctional Facility, put plaintiff on notice that she was required to produce a minimum sample of 20 ml in order to avoid discipline. There is no evidence in the record that suggests that plaintiff was on notice that she had to produce the full minimum sample in a single attempt. The State acknowledges that Procedure 300.58 does not address the question of multiple outputs within the prescribed time frame and cites no other evidence as a purported source of such notice. Rather, it argues that nothing in the DOC procedures authorized the plaintiff to meet the minimum requirements through multiple attempts within the prescribed time frame.

The State's argument misapprehends plaintiff's right to fair notice. The absence of express authorization by the DOC for conduct that is unobjectionable by any standard of common sense, and that is only proscribed as a result of technical requirements of the drug-screening process unbeknownst to plaintiff, as well as DOC's critical omission of this key undocumented requirement of a single "output" in its instructions to plaintiff to produce a urine sample within two hours, combined to deprive plaintiff of the basic fair notice to which she was entitled.

For that reason, we reverse the trial court's award of summary judgment to the State, and its denial of summary judgment to Plaintiff.

Reversed .

BY THE COURT:

_____
Marilyn S. Skoglund, Associate Justice


_____
Brian L. Burgess, Associate Justice


_____
Beth Robinson, Associate Justice

3