# State of Vermont v. Robert H. Covino

[658 A.2d 916]

No. 91-231

Present: Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.

Opinion Filed December 2, 1994

Motions for Reargument Denied February 2, 1995

Motion for Reconsideration Denied March 10, 1995

*Scot Kline*, Chittenden County State's Attorney, and *Pamela Hall Johnson*, Deputy State's Attorney, Burlington, for Plaintiff-Appellee.

*Robert Appel*, Defender General, and *William A. Nelson*, Appellate Defender, Montpelier, for Defendant-Appellant.

**Morse, J.** Defendant appeals his jury conviction of kidnapping an eleven-year-old girl, 13 V.S.A. §§ 2401, 2402. He claims that the trial court erred by instructing the jury that the element of forcible confinement could be established by proof of deception or misrepresentation and that the elements of the offense need not occur simultaneously. He also asserts error in the exclusion of defendant's evidence of his prearrest conduct and in admitting evidence gathered in a warrantless search of his appointment book. We affirm.

In the spring of 1988, the victim, an eleven-year-old child, went to visit her grandmother, who lived at a senior citizens' complex. Upon finding that her grandmother was not home, she learned from a gardener where to locate her grandmother, and set off to find her. When she met defendant on the street, she asked him for directions. After defendant mentioned her grandmother's name and asked the child if she was a granddaughter, he offered to take the child to her grandmother, and they got into defendant's car.

The child realized that defendant was driving in the wrong direction, and she asked him several times to let her out of the car, but he refused. At one point, defendant threatened to kill the child if she tried to get him in trouble with the police. The child escaped when defendant pulled into a highway rest area and stopped. During her escape, he grabbed at her bag, ripping it as she pulled away. The child ran onto the highway, where a passing motorist picked her up.

Shortly after the incident, defendant checked himself into hospitals in Vermont and Massachusetts for medical treatment. Upon his return to Vermont, hearing the police were looking for him, he went to the Barre police station and was arrested. At the time of his arrest, the police seized and read defendant's appointment book, which contained the notation "check with senior citizens job" on the same day that he kidnapped the child.

## I.

Defendant claims that the trial court erred twice in giving jury instructions. First, he contends that the instruction that the element of forcible confinement could be established by proof of deception or misrepresentation was wrong. According to defendant, the court's instruction resulted in a conviction for kidnapping by inveiglement, rather than kidnapping by force, which the State had charged in the information.

In its initial charge to the jury, the trial court described "force" as actual, threatened, or moral force. The explanation of moral force corresponded with the definition of "inveiglement" in *State v. Rivers*, 84 Vt. 154, 157, 78 A. 786, 788 (1911) ("deception for the accomplishment of an evil purpose"):

> [F]orce means not only actual physical force but also what sometimes is called moral force. The persuasiveness, the appearance of force. The ability to persuade someone to the point where you overcome their will. Without the application of this force, the person would not have done what is being complained of. . . . It's influencing the child's mind to the point whether it be by a deception based on an evil purpose, the deluding of the child, misrepresentation, or the apparent ability to impose force.

Defendant objected to the instruction by saying:

> You also said with regard to the definition of force that there be misrepresentation. To me that's inviting a juror's verdict on behalf of the State. I don't think there's any case law in this State which actually talks of misrepresentation. I think that's a statement that, I just think that's just not appropriate because it's just not supported by any case. I mean deceit maybe I can understand because you've got the *Rivers* decision. But misrepresentation I mean that can, that's too ambiguous.

Defendant also objected to the term "deception for evil purpose," but he did not state the grounds for that objection. After the jury retired, it requested clarification of the kidnapping elements, and the court twice defined "forcibly" in accordance with its original instruction. Defendant did not further explain why he had an objection to those instructions.

■ ■ This Court repeatedly has stressed the importance of properly preserving objections to jury instructions. V.R.Cr.P. 30 requires counsel to object before the jury retires "even if the substance of the objection is made known before the jury charge," thus giving the trial court an opportunity to redress any errors. *State v. Wheelock*, 158 Vt. 302, 306, 609 A.2d 972, 975 (1992); *State v. Roberts*, 154 Vt. 59, 72, 574 A.2d 1248, 1254 (1990) (requiring post-instruction objection). An objection must distinctly state the claimed error and its grounds so that this Court can understand what

defendant intended to preserve for appeal. *Wheelock*, 158 Vt. at 306, 609 A.2d at 975 (requiring "a succinct recitation of specific itemized objections"). Defendant's objection was nonspecific. At no point did defendant tell the trial court the grounds urged on appeal, that the *Rivers* definition was not applicable to the case because inveiglement was not charged. Indeed, defendant actually intimated to the trial court that *Rivers* was applicable by saying, "I mean deceit maybe I can understand because you've got the *Rivers* decision. But misrepresentation . . . that's too ambiguous." Accordingly, defendant's objection regarding the court's instruction on the element of forcible confinement was not preserved for appeal.

Second, defendant contends that the trial court erroneously instructed the jury that a conviction was possible without finding a concurrence of an act and an intent to kidnap. In response to the jury's question, "Do all the things have to happen simultaneously?" the trial court responded that all the facts constituting kidnapping did not have to occur "at one place or one time." During the charge conference, defendant asked the court to instruct the jury that it must find some nexus between force and confinement, taking "those terms to have their natural meaning." Apart from the ambiguous nature of the jury's question, which may not have been related to defendant's contention on appeal, defendant made no objection after the court issued its instruction to the jury. Defendant does not argue that any plain error occurred.

## II.

Defendant next argues that the trial court erred by excluding evidence of his prearrest conduct, which included his voluntary appearance at the Barre police station two months after the issuance of an arrest warrant. He offered this evidence as proof of his consciousness of innocence and to peremptorily rebut any inference of flight created by the State's mention of the dates of the alleged kidnapping and defendant's arrest two months later. Flight, however, was not an issue in this case because the trial court refused to allow evidence of defendant's absence.

Pursuant to V.R.E. 403, the trial court may exclude evidence if its "probative value is substantially outweighed" by the danger of jury confusion, considerations of undue delay and wasting time. Absent an abuse of discretion, the court's decision to exclude evidence will not be overruled. *State v. McElreavy*, 157 Vt. 18, 23, 595

A.2d 1332, 1334-35 (1991) (court entitled to substantial discretion). Defendant has the heavy burden of showing that the court withheld its discretion or exercised its discretion upon untenable or unreasonable grounds. *Id.* at 23, 595 A.2d at 1335; *State v. Parker*, 149 Vt. 393, 401, 545 A.2d 512, 517 (1988). Because flight was not at issue, the introduction of defendant's prearrest conduct could confuse the jury and delay the proceedings with little resulting probative gain. Hence, the trial court's decision to exclude this evidence under V.R.E. 403 is not unreasonable and does not constitute an abuse of discretion.

## III.

■ Finally, defendant claims that the police violated Article Eleven and the Fourth Amendment by searching his appointment book without a warrant after seizing it incident to arrest. The appointment book notation, which read "check with senior citizens job," was circumstantial evidence that defendant was at the senior citizen's complex that day.

We do not reach this issue because defendant failed to raise the proper objection below. At trial, defense counsel objected to the introduction of the appointment book. He argued that the arrest warrant was invalid; therefore, the search incident to arrest was invalid, and the book seized in that search must be suppressed. The trial judge stated that he did not think those were the appropriate grounds to suppress the document. On appeal, defense counsel argued that, once the book was seized incident to arrest, the officer was required to obtain a warrant before opening it. This argument was not made before the trial court. Consequently, it was not properly preserved for appeal. See *State v. Emmi*, 160 Vt. 377, 380, 628 A.2d 939, 941 (1993) (argument not offered at trial will not be considered for first time on appeal, absent plain error). Defendant did not argue that the search constituted plain error, and we decline to address this issue.

*Affirmed.*