108 F.3d 1369
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Robert Henry COVINO, Appellant,
v.
Frank REOPEL, Turnkey, individually and in his official
capacity; Dale Gibny, Turnkey, individually and in his
official capacity; Robert Arkley, Turnkey, individually and
in his official capacity; Anthony Labor, Turnkey,
individually and in his official capacity; Heinz Aremz,
Past Superintendent, individually and in his official
capacity; Dixie Fowler, Past Assistant Superintendent,
individually and in her official capacity; Karen St.
Lawrence, Secretary, N.W.S.C.F., individually and in her
official capacity, Defendants-Appellees.
 No. 96-2295.
 United States Court of Appeals, Second Circuit.
 March 18, 1997.
 
 1
 APPEARING FOR APPELLANT: Robert Henry Covino, pro se, Swanton, VT
 
 
 2
 APPEARING FOR APPELLEES: Donal Francis Hartman, Jr., Esq., Thomas John Rushford, Esq., Department of Corrections, Waterbury, VT
 
 
 3
 PRESENT: Hon. JOHN M. WALKER, Jr., Hon. JOSEPH M. McLAUGHLIN, Hon. HARLINGTON WOOD, Jr.,* Circuit Judges.
 
 SUMMARY ORDER
 
 4
 This cause came on to be heard on the transcript of record from the United States District Court for the District of Vermont and was submitted.
 
 
 5
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court is hereby AFFIRMED.
 
 
 6
 Plaintiff Robert Henry Covino appeals from the order of the district court (i) dismissing his complaint for lack of standing and (ii) denying his motion for leave to amend. In his complaint, Covino alleges that Northwest State Correctional Facility ("NWSCF") officials violated his right of access to courts by first failing to forward his personal legal materials to him when he was transferred from NWSCF in Vermont to Leavenworth penitentiary in Kansas and subsequently destroying or misplacing several of his legal papers. In his motion for leave to amend, Covino sought to amend his complaint to include claims against two additional defendants who allegedly removed a law dictionary from Covino's stored personal property without his permission.
 
 
 7
 It is well established that "prisoners have a constitutional right to access to the courts." Bounds v. Smith, 430 U.S. 817, 821 (1977). To establish standing for a claim for denial of right of access to courts, an inmate must show that he has suffered an actual injury traceable to the challenged conduct of prison officials--that is, that a "nonfrivolous legal claim had been frustrated or was being impeded" due to the actions of prison officials. Lewis v. Casey, 116 S.Ct. 2174, 2179, 2181 (1996). "To state a claim that his constitutional right to access the court was violated, plaintiff must allege facts demonstrating that defendants deliberately and maliciously interfered with his access to the courts, and that such conduct materially prejudiced a legal action he sought to pursue." Smith v. O'Connor, 901 F.Supp. 644, 649 (S.D.N.Y.1995); see Morello v. James, 810 F.2d 344, 347 (2d Cir.1987). Accordingly, Covino cannot establish a constitutional violation by simply claiming that prison officials destroyed his legal papers; instead, he must demonstrate that the misconduct actively hindered his efforts to pursue a legal claim.
 
 
 8
 Covino alleges that defendants' misconduct prejudiced him in his direct criminal appeal from his conviction for kidnapping because he was unable to render assistance to his appointed defense counsel without his legal papers. We disagree. In December 1994, the Vermont Supreme Court affirmed Covino's conviction on the merits of his appeal rather than on a procedural default. State v. Covino, 658 A.2d 916 (Vt.1995). Covino fails to explain how the temporary disposession of his legal papers impeded his representation in a manner that affected the outcome of the state court's decision. See Howard v. Leonardo, 845 F.Supp. 943, 946-47 (N.D.N.Y.1994) (no actual injury found where after prison officials confiscated inmate's typewriter, inmate contacted attorney who submitted a brief on his behalf). We agree with the district court that the state court's affirmance of Covino's conviction was not attributable to the misconduct of prison officials, but rather to the lack of merit of Covino's claims on appeal.
 
 
 9
 Covino also alleges that his 42 U.S.C. § 1983 action, claiming Fourth Amendment violations in connection with a prison policy requiring random visual body-cavity searches of inmates, Covino v. Patrissi, 967 F.2d 73 (2d Cir.1992), was dismissed for failure to timely object to a magistrate judge's report and recommendation due to the misconduct of defendants. We disagree. The magistrate judge issued his report in August 1993 prior to Covino's September 1993 transfer back to NWSCF from Leavenworth penitentiary. Although the report was initially returned as undeliverable, Covino admits that he received a copy of the report on November 12, 1993. From that date, Covino had ten days in which to file objection to the magistrate judge's recommendations. However, Covino took no action until December 27, 1993 when he filed a notice of appeal. Covino does not allege that his failure to file a timely objection to the magistrate judge's report was due to the alleged misconduct of the defendants. Accordingly, the district court did not err in dismissing Covino's present complaint for failure to allege an actual injury traceable to defendants' misconduct.
 
 
 10
 Finally, we do not believe that the district court abused its discretion in denying Covino's motion for leave to amend. In general, the district court has discretion whether or not to grant leave to amend, and its decision is subject to review on appeal only for abuse of discretion. Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir.1993). In exercising its discretion, a district court should freely grant leave to amend when justice so requires. Fed.R.Civ.P. 15(a). However, where it appears that granting leave to amend would be unproductive or futile, it is not an abuse of discretion to deny leave to amend. Ruffolo, 987 F.2d at 131. Here, Covino moved to amend his complaint to add two prison officials who allegedly removed a law dictionary from his stored personal property without his permission. Covino does not allege that the removal denied him his right of access to courts or caused him any injury. Covino also fails to allege that Vermont's postdeprivation remedies are inadequate to provide him an opportunity to recover the value of his lost or stolen property. See Hudson v. Palmer, 468 U.S. 517 (1984). Therefore, because Covino's proposed amendments would have failed to state a claim for relief, the district court did not abuse its discretion in denying the motion.
 
 
 11
 We have carefully considered appellant's other arguments on appeal and find them to be without merit.
 
 
 12
 For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.
 
 
 
 *
 The Honorable Harlington Wood, Jr. of the United States Court of Appeals for the Seventh Circuit, sitting by designation