**STATE of Vermont v. William ONORATO**

[762 A.2d 858]

No. 99-537

October 17, 2000. After receiving a citation to appear in court on charges of sexual assault of a minor, defendant William Onorato was found semi-conscious on the floor of his bedroom with a gun and what appeared to be a suicide note. Defendant filed a motion in limine to suppress evidence of the alleged suicide note. The trial court granted the motion, concluding that the note was not relevant and that any probative value was "substantially outweighed by the danger of unfair prejudice and confusion of the issues." The trial court denied the State's interlocutory appeal and request for a stay. A single justice granted the State's request

for a stay of the court's ruling and permission for this appeal under V.R.A.P. 5.1.* The State contends that: (1) evidence of attempted suicide is relevant as a matter of law to show consciousness of guilt; and (2) the judge abused his discretion in excluding the alleged suicide note. We agree that evidence of attempted suicide may be relevant to show consciousness of guilt, but decline to disturb the trial court's discretionary ruling that its probative value in this case is outweighed by the danger of unfair prejudice and confusion. We affirm.

On September 9, 1998, defendant was questioned by a Bennington police detective on charges of sexual assault of, and furnishing alcohol to, a minor. After questioning, defendant was issued a citation to appear in court on the following day. Defendant failed to appear. On the next day police responded to a report that defendant had been seen with a gun. When police arrived at defendant's home, defendant's son stated that he feared his father had shot himself, as the butt of a rifle and his father's feet were visible through the bottom of the bedroom door. The police forced open the bolted door and found defendant passed out on the floor. The defendant was arrested, brought into court, and arraigned later that same day. The police seized, inter alia, the rifle and what appeared to be a suicide note.

The note read, in pertinent part:

> Told you I couldent do jail time. Im 47 years old. If I got twenty years Ide be 67 years old man. I don't plan to retire in jail and please don't hold a grudge on guns. There is many ways to do this. . . . Im very sorry for

leaving you like this but rember Im in peace with myself now. . . . I know this is hard but this is better than visiting between bars and is mutch quicker . . . . Sorry to leave you kids this way.

In granting defendant's motion in limine to exclude evidence of his alleged suicide attempt, and his motion to suppress the alleged suicide note, the trial court's entry order stated "Letter is not relevant and thus not admissible. Further, any probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues." The trial court subsequently denied the State's interlocutory appeal and request for a stay. This appeal followed.

The State first contends that, as a matter of law, evidence of attempted suicide is relevant to show consciousness of guilt. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more [or less] probable . . . ." V.R.E. 401. "With a single exception, courts have unanimously held that an accused's attempt to commit suicide is probative of a consciousness of guilt and is therefore admissible." Annotation, *Admissibility of Evidence Relating to Accused's Attempt to Commit Suicide*, 73 A.L.R.5th 615, 624 (1999) (internal citations omitted); see also *Commonwealth. v. Sheriff*, 680 N.E.2d 75, 83 (Mass. 1997) (evidence of defendant's attempted suicide was admissible, even if the defendant were able to present plausible alternative explanations for his conduct); *State v. Mann*, 625 A.2d 1102, 1106-07 (N.J. 1993) (evidence of defendant's attempted suicide prior to police interrogation was admissible in sexual assault prosecution to show consciousness of guilt).

Analogous to the principle of flight evidence, courts have held that the attempt to commit suicide soon after one is

---

* Defendant does not argue on appeal that permission to appeal was improvidently granted; therefore, we do not consider that issue.

charged with committing a crime demonstrates both consciousness of guilt and attempt to escape prosecution. See, e.g., *State v. Carter,* 164 Vt. 545, 548, 674 A.2d 1258, 1261 (1996) ("[T]he State may introduce evidence of flight by a criminal defendant to show consciousness of guilt."). "At the same time, we have questioned the probative value of such evidence." *Id.*; see also *State v. Perrillo,* 162 Vt. 566, 569, 649 A.2d 1031, 1033 (1994) (probative value of flight evidence is questionable); *State v. Pelican,* 160 Vt. 536, 542, 632 A.2d 24, 28 (1993) ("Evidence of flight . . . is generally considered to have little probative value, and is not sufficient by itself to support a conviction."). Flight evidence is ambiguous in that there may be multiple reasons to explain the flight of an innocent person, such as panic, the fear of being apprehended or confronting the police, and the unwillingness to appear as a witness.

Evidence of attempted suicide to show consciousness of guilt is similarly problematic. The underlying reasons motivating an attempt to take one's life can be both numerous and highly complex, and may be even less indicative of guilt than flight evidence. Recognizing this complexity, courts have cautioned that the possible ambiguity of an accused's suicide attempt requires a careful consideration of the probative value such evidence offers. See, e.g., *Mann,* 625 A.2d at 1106. Because it is highly equivocal and circumstantial, the admissibility of attempted suicide evidence may introduce remote, secondary concerns that might confuse a jury.

In this case, the trial court ultimately based its decision to exclude evidence of the alleged suicide note on its prejudicial impact. Using the language of V.R.E. 403, the court stated:

> Based on my review of the letter, and the facts as [] outlined, I'm going to grant the defendant's motion to preclude

the introduction of the event and of the letter, based on my view that the letter itself is of questionable relevancy and any relevancy that it [has], would be prejudicial and outweighed by any probative effect.

The State vigorously contends that the trial court could not have performed any meaningful balancing under V.R.E. 403 because the trial court's entry order characterized the evidence of attempted suicide as "not relevant." We agree that the trial court's relevancy reference is erroneous. We are unable to conclude, however, that the trial court failed to weigh the probative value of the evidence against the danger of unfair prejudice.

This Court has adopted the balancing test as articulated by V.R.E. 403: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." See *Haynes v. Golub Corp.,* 166 Vt. 228, 236, 692 A.2d 377, 382 (1997). The rule's balancing test is a matter within the trial court's discretion. *State v. Covino,* 163 Vt. 378, 381-82, 658 A.2d 916, 918 (1994). Rule 403 "gives the trial judge discretion to exclude evidence that is technically relevant if its probative value is outweighed by dangers of prejudice, confusion, or delay." Reporter's Notes, V.R.E. 403; see also *Covino,* 163 Vt. at 381-82, 658 A.2d at 918. In this case, the trial court's determination that the probative value of the suicide note was substantially outweighed by the danger of unfair prejudice and confusion of the issues was justifiable.

Although the trial court provided little amplification of the reasons for its decision, it is not required to state precisely why it found probative value to be substantially outweighed by prejudicial effect. See *In re S.G.,* 153 Vt. 466, 473, 571 A.2d 677, 681 (1990). We note that the State declined the trial court's offer to delay a ruling on defendant's motion until

further evidence could be taken because of the State's apparent belief that use of the alleged suicide attempt in opening argument was critical to its case.

We will not disturb the trial court's ruling absent a showing of abuse of discretion. See *State v. Webster*, 165 Vt. 54, 56, 675 A.2d 1330, 1332 (1996); *Ulm v. Ford Motor Co.*, 170 Vt. 281, 290, 750 A.2d 981, 989 (2000) (burden of showing abuse is a heavy one); *Covino*, 163 Vt. at 382, 658 A.2d at 918 (heavy burden to show "that the court withheld its discretion or exercised its discretion upon untenable or unreasonable grounds."). The issue before us is not whether we would have ruled differently if we had the evidentiary issue before us as a trial court, but rather, whether the trial judge abused his discretion. See *State v. Parker*, 149 Vt. 393, 401, 545 A.2d 512, 517 (1988) (describing strong policy against appellate court substituting its judgment for that of trial court regarding admission of evidence under Rule 403). We conclude that he did not.

*Affirmed.*